Texas & Pacific Railway Company v. Geo. A. Alexander.

No. 1512.

**Married Minor—Injury to Wife—Suit by Next Friend.**

A married minor, suing by next friend, may recover damages occasioned, both to himself and to his wife, by a nuisance committed by defendant (in this case inconvenience to and sickness of both caused by leaving a dead horse unburied on the right of way near his residence).

Appeal from District Court of Van Zandt County. Tried below before Hon. T. R. Yantis.

*M. H. Gossett*, for appellant.—Personal injury damages resulting to the wife is community property and the husband may in his own name prosecute a suit to recover same. But if the husband be a lunatic, a minor, or otherwise incapacitated to sue, then such damages claimed by the wife must be sued for by herself or some one legally authorized so to sue. Railway v. Styron, 66 Texas, 421.

The court erred in refusing to give to the jury defendant's special requested charge No. 1, wherein the jury was instructed that notwithstanding they might find the defendant guilty of negligence in permitting a dead horse to remain on its right of way, yet it was the duty of plaintiff to exercise ordinary care in attempting to avoid the consequences of defendant's negligence, and in refusing to instruct the jury in its main charge as to the law of contributory negligence.

The court erred in refusing to give defendant's special charge No. 2, wherein the jury was instructed as to the measure of damages in the event the evidence showed that the alleged nuisance could have been by the plaintiff abated at a nominal cost, or by an ordinary amount of labor, and thus have avoided injury to himself and family. Railway v. Simonton, 2 Texas Civ. App., 564; Brandon v. Mfg. Co., 51 Texas, 128; Wood on Nuisances, 876; Jacob Fishers' Digest, vol. 6, p. 9532; 3 Chitty's Blackstone, 5.

The court erred in refusing to give defendant's special requested charge No. 4, wherein the jury was instructed that notice to a section hand, when it was just as convenient to notify the section foreman or other authorized agent of defendant company, would not constitute notice to the defendant company, and that such failure to notify defendant should be by the jury considered in arriving at a verdict. Railway v. Whitmore, 58 Texas, 287.

In the absence of willful wrong on the part of defendant, and in the absence of complaint and notice by plaintiff to defendant, or other effort to lessen the annoyance of the alleged nuisance, a verdict for $466.66⅔ is excessive, and a new trial should be granted.

FISHER, CHIEF JUSTICE.—*Opinion.*—George Alexander, a married minor, suing by next friend, E. H. Alexander, prayed for judgment against the Texas & Pacific Railway Co. for the sum of $750, for damages sustained from an alleged nuisance. Plaintiff alleged that on the 9th of September, 1893, defendant company killed a horse on its right of way a few hundred yards east of its depot at Grand Saline, Texas. That plaintiff with his wife occupied a house about sixty yards north of where the horse was killed, and that defendant negligently permitted said dead horse to remain on said right of way and rot and decay, and that vile, noxious and putrid odors from said horse rendered his residence uncomfortable and uninhabitable, making himself and his wife sick, and forcing them to leave home and stay away until said animal had decayed.

Defendant pleaded that it had no knowledge that such dead horse was offensive to plaintiff; was not notified by him that such was the case,

and that if plaintiff suffered any inconvenience at all it was the result of his own contributory negligence and want of ordinary care in avoiding the consequences of such alleged nuisance. Trial on the 21st day of July, 1894, resulted in verdict and judgment for plaintiff in the sum of $466.66⅔.

Appellant contends that a married minor suing by next friend can only recover the damages he has sustained, and can not recover the damages sustained by his wife when she is not a party nor represented by some one in her behalf. This position is not tenable. The damages suffered by the wife are a part of the community estate of the spouses, and for a recovery thereof the husband alone may sue. The husband suing in such a case would be entitled to recover all damages sustained by him, as well as his wife, and no judgment would be required, nor is any authorized, recognizing any interest in her, separate from the general recovery by the husband, and such a recovery would be a bar to any demand that she might subsequently urge against the defendant. The husband, who is represented by next friend, would be entitled to recover all that he could have recovered if sui juris and suing in his own name, and if such was the case, as we have shown, he could have recovered all the damages sustained by himself and wife.

It is said in Gulf, Colorado & Santa Fe Railway v. Stryon, 66 Texas, 425, "When it appears with certainty, as it does in this case, that the action is based on the right of the minor, that the relief sought is such as the minor alone would be entitled to on the facts pleaded, and that this is sought for the use and benefit of the minor, we are of the opinion that the minor is the real plaintiff, whatsoever may be the formula used."

The husband, whether a minor or of contracting age, has, by reason of that relationship, the authority to sue for the recovery of all the community interest, and when represented by next friend, the extent of the right of his recovery is no less, but is equal to what it would be if he alone was maintaining the action. We do not care to discuss any of the other questions presented in appellant's brief, but, however, will say that we have carefully considered them and find no reversible error. Therefore the judgment below is affirmed.

*Affirmed.*

Decided April 8, 1896.