## HARDY, A MINOR, BY HIS GUARDIAN BOYLE v. SCANLIN.

December 14, 1835.

*Rule to show cause why the summons should not be quashed.*

Where an infant has sued by his guardian, who agrees, on the defendant's application, that the writ shall be quashed on the ground that the suit was instituted without his authority, the court will not quash the writ, but will permit the guardian's name to be withdrawn from the record, and that of another person, as *prochein amy*, to be substituted.

THIS was an action of trespass *vi et armis*, assault and battery, &c.

*Brewster,* on behalf of James Boyle, the guardian, obtained a rule to show cause why the summons should not be quashed.    He had filed an affidavit of the said Boyle, stating that he did not authorize the suit; that he did not desire it to proceed in his name; that the minor had never informed him for what purpose it was brought; that he knew nothing of it till inquired of by the defendant as to the cause of action; and that he disclaimed all willingness and consent that the action should be carried on as above entitled, and desired that the summons might be quashed.

On the return of the rule, on the 14th of December 1835, *Brewster* cited, 1 *Phil. Ev.* 49; *Reeves's Dom. Rel.* 264, *ch.* 7; *Cro. Jas.* 640; Bigger *v.* Westles, 13 *Serg. & Rawle* 347.

*P. A. Browne,* on behalf of the minor, opposed the rule.    He pro-

(*a*)   See Davis *v.* Sommer, in this volume.

[Hardy v. Scanlin.]

duced a certificate from the clerk of the orphan's court for this county, by which it appeared, that on the 24th of September 1835, the day on which this suit was commenced, upon the petition of Lawrence Hardy, a minor, above fourteen years of age, setting forth that he had been severely beaten and abused, and was desirous of instituting a suit for damages, but had no guardian to take care of his person, he had made choice of James Boyle as guardian of his person, who was approved and appointed by the said orphan's court.

Authorities cited: *Cro. Car.* 161, 88; *Hutton* 92; 1 *Bl. Com.* 464; *Cro. Jac.* 640; Act of Assembly of 27th of March 1713, *Purd. Dig.* 669; 1 *Dall.* 136; *Stiles's Rep.* 456; *Bacon's Ab., tit. Guardian, C, vol.* 4; *Hammond's Dig.* 313; 12 *Mass. Rep.* 16; *Tidd's Prac.* 114.

PER CURIAM.—It is the duty of the court to protect the infant so far as to give him an opportunity to be heard; and it is clearly within our power to make such an order as will lead to a trial that shall be fair for both parties. An unwilling guardian might embarrass the proceedings, and, before the defendant can be compelled to plead, there should be an adverse party on record responsible for costs. Though an infant must appear and *defend* by guardian, yet he may *sue* either by guardian or *prochein amy*. *Co. Litt.* 135, *b*. Without, then, making absolute this rule, the court, on the application of Boyle, will give him leave to withdraw his name from the record; and on the application of Hardy, will give leave that the plaintiff's declaration be withdrawn, and the name of a suitable person be substituted as *prochein amy* for that of James Boyle, guardian.

Whereupon, application was made by each party, and leave granted accordingly; and the court being informed that Benjamin Duncan was willing to act for the infant, made an order for his admission as *prochein amy*.

Rule discharged.