GULF, COLORADO & SANTA FE RAILWAY CO. v. W. W. STYRON, NEXT FRIEND.

(Case No. ₁02.)

1. CONTINUANCE—See opinion and facts for an application for continuance held insufficient.

2. MINOR—NEXT FRIEND—The essential facts of a suit in behalf of a minor, by a next friend, are that the action must be prosecuted for the use and benefit of the minor, by some proper representative. Any person who is permitted by the court to prosecute such an action is to be deemed a suitable person without regard to the volition of the minor.

3. SAME—PLEADING—When it appears with certainty that the action is based on the right of the minor, that the relief sought is such as it alone would be entitled to on the facts pleaded, and that this is sought for the use and benefit of the minor, the minor is the real plaintiff. (Authorities cited.)

4. SAME—VERDICT—JUDGMENT—See opinion for a verdict and judgment for a minor, in a suit in its behalf by a next friend.

5. DANGEROUS MACHINERY—NEGLIGENCE—DEGREE—INJURY TO MINOR—If a minor, not having sufficient judgment and discretion to know her danger, is injured while riding upon the turn-table of a railroad company, the company is liable if it was guilty of negligence in not enclosing or securing the turn-table. It is not necessary to prove a willful intention to inflict the injury.

6. PRACTICE—ERRONEOUS CHARGE—See opinion for a paragraph in a charge erroneous, but not a reversible error.

7. MINOR—JUDGMENT—PROCEEDS—Money collected on a judgment in favor of a minor should be paid into court, there to remain until a guardian of the minor has been appointed, and has qualified, or the minor has reached majority.

APPEAL from Johnson. Tried below before the Hon. Jo. Abbott.

This was an action for damages for personal injuries. On a Sunday afternoon in the month of November, 1881, Millie Styron, a girl of twelve years and four months of age, in company with an elder and younger sister, went from the residence of her father, with whom she resided, to the turn-table of the defendant, situated in the suburbs of Cleburne, a town of about twenty-five hundred inhabitants, and giving the table a push, sat down upon it, when her right foot was caught between the table in its revolution and the iron rails of the side track leading thereto, and was so badly lacerated and crushed as to necessitate amputation of the limb above the knee.

The defendant was not using the table that evening, and had no person guarding it; nor was it enclosed. locked, or otherwise fastened; but several persons, children and adults, had preceded Millie Styron to the table, had set it in motion for their own amusement, and were turning it, and riding upon it, when she reached it. The table was not near any street, highway or house, and was situated upon the grounds of the defendant, about six hundred and fifty yards from the public square of Cleburne, four hundred yards from the railway depot, two

hundred and thirty yards from the nearest house, a little cabin belonging to Jno. Hudson, and three-fourths of a mile from where Millie Styron resided. The turn-table had been built only a very short time, and the girl had never before seen one.

W. W. Styron, the father of Millie Styron, brought this suit against the defendant at the fall term, 1882, of the Johnson county district court, as next friend of the girl, to recover damages in her behalf, in the sum of $30,000, for the personal injuries received by her, as above detailed. To plaintiff's petition, defendant pleaded: First, special demurrer, on the ground that Millie Styron, the injured person and real party in interest, was not the party plaintiff to the suit; second, general demurrer; third, the general issue.

On November 28, 1882, the cause was called for trial, when, the plaintiff having announced ready, the defendant announced not ready and moved the court for a continuance of the case until the next term, which motion the court refused, but postponed the trial until the morning of the 30th, when, the case being again called for trial, the defendants renewed its motion for a continuance, and the same was a second time refused by the court. The court then heard and overruled defendant's demurrers, general and special. The cause was tried by a jury, the trial resulting in a verdict for the plaintiff, for $8,000; and thereupon the court rendered judgment accordingly.

The court, in its charge to the jury, defined the degree of negligence by which to determine the defendant's liability to be "a want of that reasonable care which would be exercised by a person of ordinary prudence under all existing circumstances in view of the probable danger of injury;" and again, "* * But * * if you believe, from the evidence, that Millie Styron went to and got upon the defendant's turntable, and was thereby injured as alleged, and that at the time of so doing she did not have sufficient judgment and discretion to know the danger she was running, and that the defendant was guilty of negligence in not enclosing, locking, or otherwise fastening the same as before explained, she would be entitled to recover damages for the injury sustained, and, if you so believe, you will find for the plaintiff."

*Gresham & Jones*, for appellant, on the special exception overruled, cited: Bradley v. Amidon, 10 Paige, 236, 239; Hoare v. Harris, 11 Ill., 24, 25; Fox v. Minor, 32 Cal., 117; Stewart v. Crabbins, 6 Munf., 280; Newton v. Nutt, Alb. Law Jour., February 24, 1883; s. c., 58 N. H., 156; Hutchins v. Dresser, 26 Maine, 76; Barnet v. Commonwealth, 4 J. J. Marsh., (Ky.) 389; Winslow v. Winslow, 7 Mass., 96; Durkee v. Railway Company, 56 Cal., 388, 394; 1 Chitty on Plead.,

60; *Id.* 2, 30; Hughes' Eq., Draftsman, 220, 221; 3 Dan. Chanc. Plead. and Prac., 2014, 5th ed.; Dicey's Part. to Acts., 325, 327, 331.

On the charge of the court on negligence, they cited: Gillis *v.* Railway Company, 9 Smith, (59 Penn.), 129, 141; Gillespie *v.* McGowan, Alb. Law Jour. No. 21, November 18, 1882; s. c., 410 Penn.; Railway Company *v.* Hummell, 8 Wright, (Penn.) 378; Railway Company *v.* Schwindling, (s. c. Penn.); 8 Am. and Eng. R'y Cases, 544; Railway Company *v.* Bell, 81 Ill., 76; Hargreaves *v.* Deacon; 25 Mich., 1; Railway Company *v.* Henigh, 23 Kan., 347; Kohn *v.* Lovett, 44 Ga., 251; Morrissey *v.* Railway Company, 126 Mass., 377; Johnson *v.* Railway Company, 125 Mass., 75; Lyons *v.* Brookline, 119 Mass., 491; Tighe *v.* Lowell, 119 Mass., 472; Blodgett *v.* City of Boston, 8 Allen, 237; Wood *v.* Indiana School Dist., 44 Iowa, 27; Morgan *v.* City of Hallowell, 57 Me., 377; McAlpin *v.* Powell, 70 N. Y., 126; Victory *v.* Baker, 67 N. Y., 366; Gramlich *v.* Worst, 5 Norris, (Penn.) 74; Hughes *v.* Macfie, 2 Hurl. & C., 744; Mangan *v.* Atterton, L. R. 1 Exch., 239; Hardcastle *v.* Railway Company, 4 Hurl. & N., 67; Hounsell *v.* Smith, 7 C. B. (N. S.,) 731; Lygo *v.* Newbold, 24 L. & Eq., 507; Gautrett *v.* Edgerton, Law Rep. 2 C. B., 371; Holmes *v.* Railway Company, Law Rep., 4 Ex., 254.

On damages, they cited: Railway Company *v.* LeGierse, 51 Tex., 190, 204; Railway Company *v.* Arms, 91 U. S., 494; Railway Company *v.* Kelley, 31 Penn. St., 372; Railway Company *v.* Zebe, 33 Penn. St., 318; 2 Thompson on Neg., 1255; 1 Suth. on Dam., 17, 18; 1 Sedg. on Dam., 34 and note *a.*; Railway Company *v.* Adams, 89 Penn. St., 31, 36.

*Brown, Ramsey & Crane,* for appellee, on the question raised by special exception, cited; Eckhart *v.* Reidell, 16 Tex., 62; Giddens *v.* Byers, 12 Tex., 82; Clark *v.* Hopkins, 34 Tex., 140; Abrahams *v.* Vollbaum, 54 Tex., 227; Bond *v.* Dillard, 50 Tex., 302; Evansich *v.* Railway Company, 63 Tex., 54; Glasscock *v.* Shell, as next friend, 57 Tex., 215; Storey's Eq. Pl., 57; Mit. & Tyl. Eq. Plead. and Prac., sec. 120.

On negligence, they cited: Evansich *v.* Railway Company 63 Tex., 54; Stout *v.* Railway Company, 17 Wall., 657; 2 Thompson on Neg., 1188, sec. 2; 18 Am. Rep., 393; Railway Company *v.* Fitzsimmons, 31 Am. Rep., 203; 14 Am. Law Reg., 665; Hydraulic Works *v.* Orr, 83 Penn. St., 332; 21 Min., 207; 22 Kans., 686.

STAYTON, ASSOCIATE JUSTICE. —The application for continuance was evidently insufficient. It did not show that any effort had been made to procure the evidence on which the application was based,

though the cause had been pending from August 16, 1882, and was not reached for trial until November 28, following.

The pendency of a contest as to the sufficiency of the affidavit in lieu of a cost bond was no excuse for the failure to use the necessary means to procure the evidence, and besides, appellant knew that the appellee might comply with the rule for costs at any time by giving the proper cost bond.

This action was brought by W. W. Styron, as next friend of Millie Styron, a minor, to recover, in her behalf, damages for an injury to her person claimed to have been caused by the negligence of the appellant.

To the petition the defendant demurred specially, on the ground that Millie Styron, the injured person, was not the party plaintiff to the action. This demurrer was overruled. So much of the petition as bears upon the question raised by the demurrer was as follows:

"Now comes W. W. Styron, next friend of Millie Styron, a minor, and, with leave of the court first had and obtained, files this his first amended original petition, amending and correcting his original petition filed herein on August 16, 1882, and for amendment says, that he, as next friend of Millie Styron, complaining of the Gulf, Colorado & Santa Fe Railway Company, * * * would respectfully show to the court that Millie Styron is a minor daughter of him, W. W. Styron; that she has no guardian; that she resides with plaintiff in Johnson county, Texas, and plaintiff also resides in Johnson county. Plaintiff would further show that about the latter part of the year 1881 defendant constructed a railway in and through Johnson county, which the defendant now owns and is operating. * * * Plaintiff would further show that about December 1, 1881, defendant erected a large and heavy turn-table within the corporate limits of the city of Cleburne, Johnson county, for use in the operation of its road, within less than one-half mile from the public square of the city, * * * ; that the table is easily set in motion, is attractive to children, and very dangerous while in motion, and was not guarded, enclosed, locked or otherwise fastened. * * * Plaintiff further shows that about December 25, 1881, Millie Styron, in passing near the table, was attracted by the crowd assembled there, and, from a freak of childish nature, went to it; that the same was being rapidly revolved by those then present. Plaintiff avers that Millie Styron * * * while there, and while the table was being revolved as aforesaid, without negligence on her part, was caught by the table and thrown between the end of the same and the end of the railway track leading thereto, crushing her leg in such a manner as to necessitate its amputation above the

knee; and that by reason of the injury inflicted as aforesaid, she has been maimed and crippled for life, * * * to the damage of Millie Styron $30,000. Wherefore plaintiff prays that he, as next friend to Millie Styron, shall have and recover of and from the defendant, for the use and benefit of Millie Styron, the sum of $30,000 and all costs of suit. And he prays for general and special relief."

It is urged that the action should have been brought in the name of Millie Styron by her next friend, and that it was not sufficient when brought by the next friend for the minor's benefit. The proposition is that Millie Styron, named as plaintiff, might prosecute the action by W. W. Styron stated in the petition to be her next friend, but that W. W. Styron professing to act as next friend for Millie Styron, setting out a cause of action inuring to her alone, and asking a judgment for her use and benefit, could not be maintained; that an action by W. W. Styron for Millie Styron could not be sustained, while an action in the name of Millie Styron by W. W. Styron could be.

This would seem to us to make the rights of parties to depend upon a mere formality which can be of no essential importance. The minor's volition in no manner affects the right of any person to institute an action based on facts which entitle the minor to relief which will inure to her personally; the minor neither selects her representative nor controls his action. The essential facts are, that the action must be prosecuted for the use and benefit of the minor, by some proper representative. Any person who is permitted by the court to prosecute such an action is to be deemed a suitable person.

When it appears with certainty, as it does in this case, that the action is based on the right of the minor, that the relief sought is such as the minor alone would be entitled to on the facts pleaded, and that this is sought for the use and benefit of the minor, then we are of the opinion that the minor is the real plaintiff, whatsoever may be the formula used. This is in accordance with what we understand to have been the effect of the rulings heretofore made in this state. Common r. Hemphill, 7 Tex., 199; Moore v. Minerva, 17 Tex., 23; Martin v. Weyman, 26 Tex., 469; Railway Company v. Bradley, 45 Tex., 175; Abrahams v. Vollbaum. 54 Tex., 227.

Such a rule commends itself to reason, and as fully, as would that insisted upon, secures the right of a minor, without prejudice to a defendant. There is no doubt that cases may be found in which it has been held that the pleadings must show, in so many words, that the action is brought by the minor by next friend. Such rulings, however, seem to us to give effect to form rather than to substance. Whether the petition be worded in the one formula or the other, the

adverse party and the court are equally advised of the cause of action, the right in which the recovery is sought, and of the person to whose benefit the recovery is to inure.

In the one case, as in the other, the court has the same power over the person who appears as next friend; and, with equal facility, may protect the interest of the minor by shaping its judgment or decree to that end.

The verdict of the jury is as follows:  "We, the jury, find for the plaintiff, and assess the damages at $8,000."

The judgment of the court, after usual recitals, is as follows:  "It is the opinion of the court that the verdict of the jury should be in all things approved.  It is, therefore, ordered, adjudged and decreed by the court, that the plaintiff, W. W. Styron, do have and recover of and from the Gulf, Colorado & Santa Fe Railway Company the sum of $8,000 and all costs in this behalf expended, for which let execution be issued as directed by law.  The sum to be recovered as aforesaid by W. W. Styron for the sole use and exclusive benefit of Millie Styron, minor as aforesaid."

The verdict construed in the light of the pleadings is a verdict in favor of the minor, as is the judgment a judgment for her sole and exclusive benefit.

It is urged that the court erred in instructing the jury that the defendant would be liable if the injury resulted from the negligence of its officers or employes; and it is contended that nothing short of willful intention to inflict the injury could fix such liability.  The charge of the court upon this subject, was, as we understand the law to be in this class of cases, and we know of no well considered case in which the rule contended for has been asserted in a like case.  The first instruction asked by the defendant was correctly refused, for it contained the broad proposition that a railway company may place upon its own property a turn-table, or other like dangerous machinery, likely to attract children for the purpose of amusement, and leave the same so uncovered that children may put it in motion and thereby receive injury, and yet not be liable for such injury as thus results, unless the children are invited by the owner of such machinery to use it.

This question has been passed upon so frequently by other courts, as well as the courts of this state, that it is not necessary to further consider it.   There was evidence to fix liability upon the defendant, under the law embraced in the charge given to the jury, and it therefore cannot be said that the jury disregarded the charge of the court.

The jury were instructed if they found a verdict for the plaintiff, to award such sum as would be a proper and adequate compensation for

the injury sustained by Millie Styron, not to exceed the sum claimed; and, in immediate connection, the charge proceeded as follows:

"There is no rule of law by which the damages for personal injuries are to be measured, but the elements of damage in a case of personal injury like the present, are physical pain and suffering, and mental anguish, and the nature and character of the injury inflicted, which are to be considered by the jury in determining what sum of money would be a proper and adequate and reasonable compensation for the same."

This last part of the charge informed the jury what elements of damages they might consider, and, in effect, reiterated the charge preceding, in reference to the measure of damages. The declaration that "There is no rule of law by which the damages for personal injuries are to be measured," was not correct, and, in fact, was in conflict with the rest of the charge which gave the measure of damages.

The rules for the ascertainment of the amount of damages which should be given in this class of cases, are, in the nature of things, not of that character which exist in some other classes of cases, in which, with almost mathematical precision, a court can inform a jury what the measure of damages is. This was probably what was meant, and understood by the jury to be meant, by the paragraph of the charge referred to. If that stood alone, it would be misleading and cause for reversal; but, connected as it was with other parts of the charge, it is not likely that any injury resulted from it, and this will be illustrated by the consideration of the next assignment of error, which is, that the court erred in overruling a motion for new trial, based on the ground that the verdict was excessive.

The proposition under this assignment is: "The verdict of the jury was excessive. There was no allegation or proof entitling the plaintiff to recover exemplary damages, and none that Millie Styron had, by reason of her injury, been permanently impaired in her health or in her capacity to pursue the usual avocations of her sex." The proof was, that one of her limbs was so injured as to require its amputation above the knee, and that the injury was attended with the suffering usual in such cases. The plaintiff was a healthy and active girl before the injury, and the verdict in her favor was for $8,000.

This verdict does not seem to be clearly excessive, or of such character as to induce the belief that the jury were mislead by the charge, or that they undertook to fix the amount of damages by some criterion of their own, and in disregard of the charge which had application to the measure of damages. There is no error in the judgment for which it should be reversed, and it must be affirmed; but the minor is not

sufficiently protected by the judgment entered; it is therefore here now directed, that the court below cause the money, when collected on the judgment, to be paid into court for Millie Styron, there to remain until a guardian of her estate be appointed and qualified to receive and receipt for it, or until such time as she may through majority be entitled to receive it in person. This may be done by proper direction to be contained in the execution, or in such other manner as the court below may direct.

The judgment of the court below is affirmed.

AFFIRMED.

[Opinion delivered June 11, 1886.]