Augusta L. Long et al. v. William Behan et al.

Delivered June 18, 1898.

1. **Action by Next Friend—Revival.**

An action brought by a father for himself as next friend of his minor children may be revived and continued, upon the suggestion of his death, in the name of the minor children, they being his only children and heirs at law.

2. **Guardian ad Litem for Minor Plaintiffs.**

A guardian ad litem may, under the statute, be appointed for minor plaintiffs

as well as defendants, especially where interveners in the action ask affirmative relief against them as plaintiffs.

**3. Practice on Appeal—Recitations in Pleadings Not Evidence.**

The recitation in a petition for writ of error of the time of death of a party to the suit can not be considered on appeal as proving that fact.

**4. Assignment of Error.**

An assignment of error complaining that the court allowed a defendant to amend and file a cross-bill and interveners to file petitions of intervention when the suit had abated by the death of the plaintiff, is not available on appeal where there is nothing in the record to show when the latter died, or that plaintiffs in error objected to the filing of such pleas, or made any move in relation thereto in the court below.

**5. Practice on Appeal—Presumption.**

It will be presumed on appeal that the testimony of absent witnesses set forth in a second application for a continuance was immaterial where there is no statement of facts in the record.

**6. Same—Where No Statement of Facts.**

Refusal of the trial court to quash the depositions of certain witnesses on motion will not be disturbed on appeal where there is no statement of facts in the record and it does not appear that the depositions were introduced in evidence.

**7. Judgment on Defendant's Plea After Nonsuit by Plaintiff.**

A judgment may be rendered against plaintiffs in favor of defendants and interveners after the former have taken a nonsuit, where the latter ask affirmative relief. Rev. Stats., art. 1301.

ERROR from Bowie. Tried below before Hon. J. M. TALBOT.

*Henry & Henry,* for plaintiffs in error.

*Chas. S. Todd* and *W. T. Hudgins,* for defendant in error.

RAINEY, ASSOCIATE JUSTICE.—We take from appellees' brief the following statement of the case, viz:

"This suit was brought by R. A. Long, for himself and as next friend of his minor children, Augusta L. and Birdie B. Long, against W. Behan, on December 20, 1887, to recover the lots described in the petition, and for damages.

"Defendant Behan answered, March 5, 1888; and on September 26, 1891, amended and reconvened by cross-action to recover the property in controversy.

"On March 6, 1889, Todd & Hudgins, by leave, intervened, claiming part of the property, to wit, part of lot 3 in block 22.

"On March 21, 1891, Trorlicht, Dunckner, and Renard, by leave, intervened, claiming lots 5 and 6 in block 11; and March 3, 1897, filed amended petition in intervention, showing individual names of the partners.

"On October 10, 1892, the death of R. A. Long being suggested, the suit was revived and continued in the name of the minor children, Augusta L. and Birdie B. Long, as 'the only children and heirs at law of R. A. Long.' P. A. Turner was appointed by the court guardian ad

litem for the minors, appeared and filed pleadings for them, and the case proceeded to trial, resulting in a judgment in favor of said minors.

"On May 31, 1893, W. Behan, defendant, and Trorlicht, Dunckner, and Renard and Todd & Hudgins, interveners, sued out a writ of error to revise said judgment, which was served on P. A. Turner, guardian ad litem, and F. M. Henry, attorney of record for plaintiffs, who appeared in this court and contested the writ of error, and filed and urged cross-assignments of error. This court reversed the judgment and remanded the cause March 20, 1895; also sustaining some of defendant in error's cross-assignments of error. 30 S. W. Rep., 380.

"After a long delay—over a year—plaintiffs' counsel, F. M. Henry, Esq., obtained the mandate from the clerk of this court, and without formally filing it, placed it among the papers in the cause (which he kept in his possession) and delivered it, with the papers, to C. S. Todd, intervener and counsel for defendant and interveners, who proceeded to retake the depositions of witnesses—this court having held the former depositions invalid.

"On March 30, 1897, the case was again called for trial, and plaintiffs' attorney, F. M. Henry, first presented *oral* objections to the appointment of P. A. Turner as guardian ad litem, which appointment had been made nearly five years previous. There was no motion to remove Turner, nor any resignation by him, nor any written pleading filed. This oral objection was overruled, and plaintiffs excepted. The plaintiffs then presented a second application for continuance, which was also overruled. Plaintiffs then made a motion to suppress the depositions of four of defendant's and interveners' witnesses, which motion was overruled. Plaintiffs then dismissed their suit, and judgment was so entered. The trial was then proceeded with and the court rendered judgment for interveners. On January 17, 1898, plaintiffs sued out this writ of error."

*Opinion.*—The first and second assignments of error complain of the action of the trial court in appointing P. A. Turner guardian ad litem of the plaintiffs, Augusta L. and Birdie B. Long, the contention being that Robert A. Long, the next friend, had died, which abated the suit, and that the court had no authority to revive it in that way.

We are of the opinion that there is no merit in this contention. The statute authorizes suits to be brought in behalf of minors by next friend. Rev. Stats., art. 3498. When such suit is instituted the minors are the real parties plaintiff to the suit (Railway v. Styron, 66 Texas, 421), and it is the duty of the court when the necessity arises to appoint some capable person to represent them in the litigation, to the end that their rights may be fully protected. When Robert Long died the cause of action survived to said minors, not only in their own right, but as heirs of said Robert Long as to his interest, and the suit did not abate by reason of his death. Of course, action was suspended thereby until the proper proceedings were taken to continue the litigation. Rev. Stats., arts. 1246,

1250, 1254. The only proceeding necessary was the appointment of some proper person to represent the interests of said minors, and it is immaterial by what name said representative was designated. Martin v. Wyman, 26 Texas, 460; Bond v. Dillard, 50 Texas, 309; Insurance Co. v. Ray, 50 Texas, 520; McDonna v. Wells, 1 Posey's U. C., 41; Ivey v. Harrell, 1 Texas Civ. App., 226. The foregoing authorities clearly hold that when minors are parties to the litigation the court has the power to appoint for them a representative to protect their interests.

In Martin v. Wyman, supra, "the defendant introduced in evidence a petition filed by Agnes Gilmore and Mary Gilmore, minor children of Robert Gilmore, who sued as their father and natural guardian, against Edward A. Wyman and Jane L. Wyman, for the recovery of the tract of land in question. The petition was filed the 8th day of September, 1848, in the District Court of Cameron County, and in the usual form of an action of trespass to try title. They also read an order of the court, in which the suggestion of the death of Robert Gilmore is recited, and appointing Israel B. Biglow guardian ad litem of Mary and Agnes Gilmore; and also an entry of the judgment of the court reciting a verdict for the defendants, and judgment rendered for them on October 11, 1849." Justice Moore, rendering the opinion of the court, said: "Although the court admitted the former judgment in evidence, and seems to have regarded it with that part of the record before it as prima facie evidence, at least, of an adjudication upon the merits of the matter now in controversy, yet upon the final hearing it held the judgment void, because the suit was commenced by plaintiffs by their father as their natural guardian, and after his death was continued by the appointment by the court of a guardian ad litem for them. In this we think the court was governed more by technical terms than sound legal principles. An infant without a legally appointed guardian, as was the case with the plaintiffs, may sue by his next friend. And surely in our courts it can not be insisted that it requires any particular technical phraseology to constitute this relationship between the infant and the party by whose aid he seeks to assert his rights. It is very evident from the language of their petition that their father placed himself before the court as their next friend for the purpose of enabling the plaintiffs to prosecute their suit; and having been recognized by the court in this character by its action in adjudicating upon their petition, it can not now be held void for a mere technical inaccuracy in the description of the capacity in which he appears.

"The same may be said with reference to the appointment of the guardian ad litem, as he was called, with this addition—this was done by the direct action of the court. The action of the next friend of a minor is within the control of the court. It may at any time, if deemed for the interest of the minor, substitute a new party as his next friend in place of the one with whom the suit was originally commenced. Burks v. Shain, 2 Bibb., 341; Witts v. Campbell, 12 Ves., 492; Hardy v. Scanlin, 1 Miles, 87."

But it is urged by plaintiffs in error that as the statute provides for the appointment of a guardian ad litem for minor defendants, it precludes the appointment of such for minor plaintiffs.

We do not think this proposition sound; but if so, it can not avail plaintiffs in error, for the interveners in this case asked affirmative relief against the plaintiffs, and to protect their interests in this respect the court was empowered to appoint them a guardian ad litem.  Schonfield v. Turner, 6 S. W. Rep., 628.

The third, fourth, fifth, and sixth assignments of error complain of the court for allowing the defendant Behan to amend and file a cross-bill, and the interveners to file their petitions of intervention.  The objection urged being, that at the time of filing same the suit had abated by the death of Robert Long.

There are no propositions or statements under these assignments as required by rule 29, and the court would be justified in considering them as waived.  But we have concluded not to do so.

We are of the opinion that these assignments are not well taken.

1.  There is nothing in the record to show when Robert Long died.  It is stated in the petition for writ of error that he died February 10, 1889, which was before the filing of the pleas mentioned; but we can not consider this recitation as proving that a fact.

2.  It is not shown that plaintiffs in error objected to the filing of such pleas, or made any move in relation thereto whatever in the court below; and such objection can not be considered when raised for the first time in this court.

The seventh assignment complains of the court for overruling a motion for continuance, because (1) that plaintiffs have no legal representative, the appointment of P. A. Turner guardian ad litem being illegal, and time is asked that plaintiff Augusta L. Long may become of age and appear for herself and as next friend for her minor sister; and (2) the absence of certain witnesses as set forth.

As to the first ground we do not think it tenable, for the court had properly appointed plaintiffs a guardian ad litem, as heretofore shown.

As to the second ground presented for continuance, there is no statement of facts in the record, and this being the second application, we are unable to judge of the materiality of the testimony wanted, and will therefore have to presume in favor of the trial court's ruling.

This last reason is also applicable to the court's ruling in refusing to quash the depositions of certain witnesses on motion of plaintiffs in error.  Besides, it does not appear from the record that the depositions of said witnesses were ever introduced in evidence.

The remaining assignment complains of the court in rendering judgment against the plaintiffs in favor of defendant and interveners after plaintiffs had taken a nonsuit.

We see no error in this action of the court.  The plaintiffs had the right to take nonsuit as to their cause of action; but as defendant and interveners had asked affirmative relief, plaintiffs' nonsuit did not preju-

dice the rights of defendant and interveners to be heard on their claim. Rev. Stats., art. 1301; State v. Loan Co., 81 Texas, 538; Branch v. Jones, 2 Texas Civ. App., 550; Railway v. Insurance Co., 40 S. W. Rep., 533.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.