## LEVERETTE v. RICE.

(Court of Civil Appeals of Texas. Dallas. Nov. 23, 1912.)

DISMISSAL AND NONSUIT (§ 19*)—INVOLUNTARY DISMISSAL—CONDITION OF CAUSE.

Under Rev. Civ. St. 1911, art. 1955, which permits a plaintiff to take a nonsuit as to his cause of action, if not to the prejudice of the defendant to be heard on his claim for affirmative relief, the dismissal of an action for the price of land, in which defendant filed a plea in reconvention for the cancellation of the contract on the ground of fraud, and for damages for false representations, was prejudicial error.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 33–36; Dec. Dig. § 19.*]

---

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action by E. J. Rice against J. C. Leverette, with cross-action by defendant. From a judgment dismissing the entire action, defendant appeals. Reversed and remanded.

Luther Nickels, of Hillsboro, for appellant.

RAINEY, C. J. E. J. Rice instituted this suit against J. C. Leverette, alleging substantially that on or about April 23, 1911, J. C. Leverette purchased 100 acres of land in Henderson county, Tex., from E. J. Rice, and promised to pay E. J. Rice $1,000 in cash and one horse of the estimated value of $700, and to assume three notes, for $266.66⅔ each, signed by H. A. Johnson, and payable to R. C. Bristow, given as original purchase-money notes for said land; that it was agreed between Leverette and Rice that H. A. Johnson was to execute a deed to Leverette, and that Rice was to have as his profit the difference between whatever sum he would have to pay said H. A. Johnson for said land and the sum of $2,500, as stated above, and that Leverette was to pay this difference to Rice upon the presentation of a deed duly executed by said Johnson to said Leverette; that Rice did purchase said land from said Johnson, and agreed to pay said Johnson the sum of $1,600 therefor, and that thereupon said Johnson executed a deed to said land to said Leverette, which deed was tendered to said Leverette; and that said Leverette failed and refused to accept the deed and to pay all the consideration, as stated above, to Rice's damage in the sum of $900, for judgment of which amount he prayed.

Leverette answered, among other things, with a general denial and with special answers, in substance as follows: "That at the time the contract sued upon was made, and prior to and thereafter, the plaintiff had no authority to sell said land, and was unable and unauthorized to carry out such sale and contract. That said contract, if any, and sale, was procured in fraud in the following respects: The defendant desired to purchase land upon which marketable timber was standing, for the purpose of removing the timber therefrom and transporting the same by rail to market, and to market the same for profit, and this fact was well known to and stated to the plaintiff by the defendant prior to and at the time of the making of such contract. Defendant further desired, and it was necessary for his purpose, that such land should be located near to, and not more than 1½ miles from a switch upon the line of railway of the St. Louis & Southwestern Railway Company of Texas, and this fact was known to and stated to the plaintiff by the defendant. That the country along the line of said railway in the vicinity in question is a country whose soil is deep sand, and that by reason thereof, as well as the general topography of the country, it is very difficult to travel or to haul loads on wagons or other vehicles, and for the purpose for which defendant desired the land, under the circumstances, the land would be worthless, if located further away from such switch or railroad than 1½ miles, and it would be impossible for the timber located on such land to be marketed at any profit whatever, if such land were located further away from such railroad or switch than 1½ miles; but that, if such land were located within distance of railroad, such timber could be marketed at a great profit, which fact the defendant knew, and the facts were known to and stated to the plaintiff by the defendant. That the plaintiff was well acquainted with said land and its location, and the defendant had never seen said land, and was totally unacquainted with its location, etc., and this fact was known to and stated to the plaintiff by the defendant, and by reason of the limited time at the command of the defendant, and by reason of the facts herein stated, the defendant did not examine said land and its location, and the defendant stated such facts to the plaintiff, and told the plaintiff that he (defendant) would be compelled to and would rely entirely upon the truth of the representation relative to said land and its location made by the plaintiff, to which the plaintiff replied that the defendant might rely upon such representations and that he (plaintiff) would guarantee the truthfulness of the same. That the plaintiff represented said land as being land upon which marketable timber suitable for the purpose for which defendant desired said land was standing, and that said land was located within 1½ miles of a switch on the line of said railroad, and not further away therefrom, and that by reason of its location said switch was easy of access from said land; and upon the strength and because of such representations and descriptions relative to said land and its location, and the statements made by plaintiff, the contract was made, and at the time the defendant stated to the plaintiff that such was his reason and the consideration for his entering into such contract. That each and all of the representations as made by the plaintiff with reference to the land were untrue and false, in that the land is located more than 3 miles away from any switch or any railroad, and that by reason of this distance that would have to be traversed to reach a railroad or switch, and by reason of the permanent conditions of the roads leading from such land to the railroad and switch, and the character of the soil and the general topography of the country, the timber upon the land cannot be marketed at any profit at all, but that such timber cannot be transported over such roads and marketed, except at a positive loss, and the land therefore is worthless upon the market, and is worthless for the purpose for which the

defendant desired the same, all of which facts were known to the plaintiff prior to and at the time of the making of the contract. That if said land had been located as represented the defendant could and would easily have made a profit out of the marketing of such timber to the amount of $10 per acre, which fact was well known to plaintiff, and this fact was the material consideration of the contract, and it was the only inducement to lead defendant to enter into such contract, and this fact was known to the plaintiff. That all of the actual facts as to the location and surroundings of the land, and of the condition of the same and of the roads, were actually known to the plaintiff at the time he made such representations, and that he (plaintiff) made such representations willfully, intentionally, deliberately, and maliciously, for the purpose of inducing defendant to make such contract, and for the purpose of defrauding the defendant, and he did thereby defraud the defendant. Defendant alleged all of the facts stated by way of cross-action against the plaintiff, as well as affirmative differences, and prayed that the contract entered into with plaintiff be canceled and held for naught, and that the defendant be held free for any responsibility thereunder, and alleged his actual damage at $1,600, and prayed for judgment against the plaintiff in said amount by reason thereof. In addition the defendant asked for judgment against the plaintiff in the sum of $1,000 as vindictive, punitive, and exemplary damages, and asked for such other relief to which he might be entitled."

On the 23d day of November, 1911, the case was called for trial upon the pleadings as stated above. The plaintiff presented his application for continuance, which was overruled, and the defendant announced ready for trial. The plaintiff thereupon moved the court for nonsuit, and asked the court to dismiss the case, which motion to dismiss was contested and objected to by the defendant. The motion was granted, and the entire case was dismissed, to all of which the defendant duly excepted, and gave notice of appeal therefrom to this court.

Complaint is made by appellant that the court erred in allowing plaintiff to take a nonsuit and in dismissing the cause of action, when he (appellant) had filed a plea in reconvention for the cancellation of the contract sued on, and for recovery of damages for false representations, etc. The statute permits a plaintiff to take a nonsuit as to his cause of action; but such action cannot be taken to the prejudice of the defendant to be heard on his claim for affirmative relief. R. S. 1911, art. 1955. The court erred in dismissing the cause to the prejudice of defendant, and preventing a hearing on defendant's plea in reconvention. State v. Loan & Trust Co., 81 Tex. 530, 17 S. W.

60; Long v. Behan, 19 Tex. Civ. App. 325, 48 S. W. 555.

The judgment is reversed, and the cause remanded.