## Ross et al. v. Schlosser.

*Negligence—Suit by minor—Father and next friend—Parties—Cause of action.*

1. Where an action in trespass for negligence is brought for a minor by her father and next friend, and it is subsequently discovered that the father was dead when the suit was begun, a living friend may be substituted for the father, even after the expiration of two years from the time the cause of action accrued.

2. In such case, there is no new cause of action nor substitution of new parties.

3. Objection cannot be taken, by a motion to quash the writ, that the minor has sued without a next friend. The proper remedy in such case is by an affidavit of defence raising a question of law.

Trespass. Rule to quash writ. C. P. Montgomery Co., June T., 1922, No. 70.

*Theodore Lane Bean,* for plaintiffs.

*Wm. F. Dannehower, Sr.,* and *Wm. F. Dannehower, Jr.,* for defendant.

MILLER, P. J., Oct. 19, 1923.—Eva Ross, a minor, now in her twentieth year, was personally injured on Sept. 6, 1920, in a collision between an automobile in which she was riding as a passenger and another, which was owned and operated by the defendant.

On July 3, 1922, suit was brought for recovery of their damages by Eva Ross, by her father and next friend, Hyman Ross, and a statement of claim was filed on the same day, to which defendant filed his affidavit of defence on July 8th.

Surprising as it may seem, it now appears that at the time of the accident Eva Ross was an orphan. Her father, Hyman Ross, had died more than fifteen years before, and her mother also had been dead for years. So far as Hyman Ross is concerned, the suit was, therefore, a nullity: In re Harrisburg Trust Co., &c., 80 Pa. Superior Ct. 585; Cordingly v. Kelly, 276 Pa. 374. As a consequence of this situation, Eva Ross, on March 23, 1923, asked leave to amend the record so that the name of the plaintiff therein should read: "Eva Ross, by her next friend, Albert Naden." This, of course, eliminated the father's personal claim for damages and let the suit thereafter stand as that of the minor plaintiff alone. Counsel for the defendant having agreed of record in writing that the amendment prayed for should be allowed, such was done on the same day.

Defendant now moves that the original writ be quashed:

"1. Because suit was brought by an improper party, a minor, without an existing next friend, and by another party who was at the time deceased, as shown of record in the case.

"2. Because a proper party could not be introduced by amendment in lieu of such improper parties after the statute of limitations had become a bar to the prejudice of defendant's rights."

The present rule was thereupon granted. We shall discuss these reasons in their order.

1. Nothing need be said of Hyman Ross as a plaintiff in his own right. This claim has been abandoned. But so far as Eva Ross as a plaintiff is concerned, she had been from the beginning, and now is, the real party in interest. The suit was originally brought and still stands in her name. She has been a party to the record from the date of its institution: Mahoney v. Park Steel Co., 217 Pa. 20. Although a suit is prosecuted or defended on behalf of an infant by a next friend or guardian *ad litem,* he cannot be considered a party to the cause, but the infant is the real party: 22 Cyc., 630, and cases cited. A minor may sue either by guardian or, *prochein ami,* in the minor's

name, and if objection is made at a hearing before a justice that the plaintiff is a minor, the record may be amended by adding the name of a next friend: 3 Troubat & Haly's Practice, 2920. Representation of an infant plaintiff by a next friend is matter of procedure and not of substance, and an objection that the plaintiff is an infant and sues without next friend is waived by pleading to the merits. An objection of want of capacity to sue cannot usually be taken after issue is joined on the merits, and this rule has been applied to a minor appearing without a guardian *ad litem:* 20 Ruling Case Law, 699. Furthermore, it is the duty of the court to protect an infant so far as to give him an opportunity to be heard: Hardy *v.* Scanlin, 1 Miles, 87; Dehart *v.* Kerlin, 4 Pa. C. C. Reps. 396. The purpose of the requirement that a minor shall sue by his next friend is to have on the record a party responsible for the costs: Heft *v.* McGill, 3 Pa. 256; Manning *v.* Baylinson, 68 Pa. Superior Ct. 512. Hence, a failure to appoint a next friend for an infant plaintiff merely affects the regularity of the proceedings, and the defect is one which before verdict is amendable, and after verdict and judgment is cured: 22 Cyc., 644.

Moreover, an objection that the plaintiff is a minor who sues without a next friend must, under the old practice, have been taken by plea in abatement, or by demurrer if it appeared upon the face of the pleading, and, under the new, pleas in abatement and demurrers having been abolished, by an affidavit of defence raising a question of law, as provided by section 20 of the Practice Act of 1915. A motion to quash the writ is not the appropriate remedy. It may be allowed only for an irregularity which renders the writ an absolute nullity and must be made before affidavit of defence filed. See, generally, Buck *v.* Ehrgood, 4 Pa. C. C. Reps. 312. This reason is, therefore, not only without merit, but, if it had any such, the defendant has adopted the wrong method of urging it, and is also, by having filed his affidavit of defence to the facts, precluded from doing so.

2. A suit of this character is barred by the statute unless brought within two years from the time when the injury was done, and, after the limitation has run, the plaintiff cannot, without the consent of defendant, amend by introducing a new cause of action, bringing in new parties, presenting new subject-matter or correcting a vital and material defect in the pleadings: La Bar *v.* New York, etc., R. R. Co., 218 Pa. 261.

But here the defendant expressly agreed to the amendment as allowed (20 Ruling Case Law, 713), and, moreover, as we view the case, the plaintiff did not, by the amendment, introduce a new cause of action. The cause of action in Pennsylvania in an action of trespass for negligence has been defined as the negligent act or acts which occasioned the injury: Fields *v.* Phila. R. T. Co., 273 Pa. 282.

This recent authoritative definition is, of course, to be construed in harmony with the well-established principle of law relating to amendments, that the substitution of new parties after the statute of limitations has become a bar operates in legal effect as the introduction of a new cause of action: La Bar *v.* New York, etc., R. R. Co., 218 Pa. 261; Mumma *v.* Phila. & Reading Ry. Co., 275 Pa. 277.

Overlooking for the moment, therefore, the consent of the defendant to the amendment, which of itself disposes adversely of the present rule, let us consider whether the amendment operated as the introduction of a new cause of action by the substitution of a new or different party plaintiff. We now have to deal only with the minor's claim for damages. As stated already, the suit was instituted originally in her name, and it so stands at present. The state-

4 D. & C.

ment filed on the very day of its institution set forth the facts on which she based her claim, and they continue unaltered. The only effect of the amendment, so far as her claim is concerned, was to raise up a living person to whom, rather than to one long dead, the defendant might look for his costs if her suit failed. It is difficult to see how he has been prejudiced in any right. This is not even a case of changing the plaintiff from an individual to a representative capacity, in which event the identity of the real and beneficial parties is changed. To the contrary, it is a case in which neither the identity of the actual plaintiff nor the cause of action has been changed at all: Gentile *v.* Phila. & Reading Ry. Co., 274 Pa. 335. It follows that there is also no merit in the second reason.

As, therefore, the amendment, which was allowed after the statute had become a bar, did not introduce a new cause of action, bring in a new party or offend in any other way, and the defendant was not prejudiced in any right by such allowance, and in fact actually agreed of record to it, he is not entitled to the drastic relief which he now seeks. To quash the writ is to end the suit and throw the plaintiff out of court.

And now, Oct. 19, 1923, the rule is discharged.

From Aaron S. Swartz, Jr., Norristown, Pa.