## SAFEWAY STORES, Inc., OF TEXAS v. RUTHERFORD.

### No. 1624.

Court of Civil Appeals of Texas. Eastland.

Feb. 5, 1937.

Rehearing Denied Feb. 26, 1937.

Cantey, Hanger & McMahon, of Fort Worth, for appellant.

Scarborough & Ely, of Abilene, for appellee.

FUNDERBURK, Justice.

Pauleta Rutherford, a minor, by her mother, Mrs. Abby Rutherford, as next friend, brought this suit against Safeway Stores, Inc., of Texas to recover damages for a personal injury. The injury consisted of a cut upon the little girl's ankle and the effects thereof, the immediate cause of which was the breaking of a glass bottle which fell from the top of a refrigerator in defendant's store. Plaintiff was in the store for the purpose of purchasing a bottle of milk

kept in the refrigerator. As she approached the refrigerator another customer, having taken a bottle of milk from the refrigerator, slammed the door to close it, whereupon the bottle kept on top of the refrigerator became dislodged with the result stated. The store was one in which the practice prevailed of the customers waiting upon themselves.

The action was based upon alleged negligence as the grounds of recovery. Upon a jury trial, a special verdict was returned in which all submitted issues were found in favor of the plaintiff and against the defendant. Judgment as authorized and required by the verdict having been rendered for the plaintiff awarding recovery of $6,000, the defendant has appealed.

Plaintiff's petition did not show whether Mrs. Abby Rutherford, who, as next friend, brought the suit for her daughter, was, or was not, at the time a married woman. Upon the trial she, as a witness, admitted facts from which the conclusion would necessarily follow that she was a married woman. When both parties had rested their case, appellant moved to abate and dismiss the suit because Mrs. Rutherford was not joined in the suit by her husband. The court overruled the motion and that action is presented as the subject-matter of the first assignment of error.

■■ The action of the court, we think, was correct. In his Law on Marital Rights in Texas, Judge Speer has well said: "The requirements of the statute with reference to the joinder of the husband are but restrictions placed upon the manner of her exercising a right which the law has not taken away from her, and are designed for her protection, not intended to curtail her privileges." Page 618, § 503. A next friend acts in a representative capacity. In a suit brought by next friend for a minor, the minor and not the next friend is the real plaintiff. Gulf, C. & S. F. Ry. Co. v. Styron, 66 Tex. 421, 1 S.W. 161; Long v. Behan, 19 Tex.Civ.App. 325, 48 S.W. 555; 31 C.J. 1116. The requirement of law that under some circumstances the husband must join the wife in suits is based upon the same reason as the requirement that he join her in the execution of certain instruments. In either case there is no requirement for a joinder where the wife acts solely in a representative capacity; at least, unless there be some special statutory provision applicable to the particular situation. The same

eminent author above quoted says: "The wife, as an incident to her right to act in a representative capacity as guardian, trustee, or the like, may maintain in her own name any suit necessary to the proper execution of her trust. She may sue as next friend for another person," etc. Id. p. 622, § 507. This statement from the text is fully warranted, in our opinion, from a consideration of certain analogous situations. For example, "if a married woman makes a conveyance in a representative capacity, as, for instance, as agent of her husband, she need not execute the instrument under the statute, but may act as a feme sole." Id. p. 333, § 264. A deed of adoption by a wife does not require joinder by the husband. Id. Bell v. Thomsen, 116 Tex. 325, 273 S.W. 1109, 1 S.W.(2d) 1118. The wife may convey land as agent of her husband, and when so, she may execute as a feme sole. Id. p. 314, § 247. If, as Judge Speer further says, "The statute requiring the joinder of the husband in the wife's suits applies only to actions for the recovery of her separate property" (Id. p. 622, § 507), then it necessarily follows since she herself is not really a party to this suit, that it is not necessary that she be joined by her husband.

■ The conclusion seems to us inescapable that unless the definition of next friend, or some statutory provision excludes the right of a married woman to act as a next friend with or without the joinder of her husband she may do so without such joinder. The statute (R.S.1925, art. 1994) authorizing suits to be brought and maintained by a next friend does not, by its terms, exclude a married woman. There is nothing in the ordinary meaning of the term which does so. It is a matter of common knowledge that married women do bring suits in the capacity of next friend. In so far as we know, no question of her capacity per se to do so has ever been raised. If she may act as next friend, no reason which requires the joinder of the husband under particular circumstances can have any application.

■ But if the joinder of the husband was required in the sense that a timely presentation of the point would have secured such right to the appellant, we are further of the view that his nonjoinder would have to be presented by a plea in abatement subject to waiver for a failure to file it in the due order of pleadings. 1

Tex.Jur. p. 158, § 115. Plaintiff's petition was sufficient to put the defendant upon inquiry that she may have been a married woman. It conveyed the information that she was or had been such. We think the duty was upon the defendant to ascertain the facts and present the question of nonjoinder in its due order. Of course, if, as contended by appellant, the husband was a necessary party, the point could be raised at any time, but no authority, we think, will be found even apparently supporting the proposition that he was a necessary party in the sense that there could be no effective adjudication of the subject-matter of the suit without him. No such result would have followed had the minor brought the suit in her own name without any guardian or next friend. Gross v. Griffin (Tex. Civ.App.) 221 S.W. 764; Breckenridge Ice & Cold Storage Co. v. Hutchens (Tex.Civ. App.) 260 S.W. 684.

While the plaintiff was testifying as a witness, she was asked: "Where were you hurt?" She answered: "Right down here on my ankle (indicating)." Appellant thereupon made a motion for an order of the court requiring her to submit to a physical examination, which motion was overruled. This action constitutes the subject-matter of another assignment of error. The contention is that plaintiff exhibited to the jury the leg which she claimed was injured, thereby waiving what would otherwise have been an immunity from the examination sought by the motion. We think no error is shown. There is no bill of exception to make properly a matter of record the facts necessary to show that there was an exhibition of the injury such as to call for application of the rule invoked. A memorandum of the judge appearing on the motion indicates that the motion was denied upon the ground that the plaintiff did not exhibit her injured ankle for the inspection of the jury.

The record does not warrant our holding, we think, that the judgment for $6,000 is so excessive as to call for a reversal on that ground, or of a remittitur. Considering the evidence most favorable to the plaintiff and disregarding all other evidence, it would seem to us to support the conclusion that while the initial injury was relatively slight, the entire result was a permanent disability to a nine year old girl of a rather serious nature.

The assignments of error and propositions by which it is sought to have the judgment reversed on account of certain portions of the argument of two of plaintiff's attorneys are not sufficiently supported by the record to authorize our consideration of the questions attempted to be presented. There are no bills of exception to authenticate the essential facts. 3 Tex.Jur. p. 432, § 306; Id. p. 489, § 344.

Allegations in a motion for new trial, unless otherwise established as facts, cannot be considered. The absence of evidence to establish the allegations may be the all sufficient reason for overruling the motion.

But if the allegations in the motion for a new trial could properly be accepted as true, we nevertheless are of the opinion that no error is shown. The allegations show no more than that two of plaintiff's attorneys told the jury how they desired certain issues to be answered. It is difficult to see how any argument could be made which would not have the effect of conveying information to the jury how counsel desired that the issues be answered. The rule which prohibits the court or counsel from informing a jury of the effect of their answers cannot properly be construed to prohibit the thing here complained of without, in effect, denying the undoubted right of argument. Our conclusion upon this point is well supported by authorities, of which we may mention Dallas Ry. & Terminal Co. v. Price (Tex.Civ.App.) 94 S.W.(2d) 884; American Groc. Co. v. Abraham (Tex.Civ. App.) 94 S.W.(2d) 1231.

We shall not enter into a discussion of the reasons why in our opinion there was no error in overruling appellant's motion for a peremptory instruction in its favor. We deem it sufficient to say that we think a just appraisal of all the evidence shows that issues of fact were raised, which, being found in favor of the plaintiff, supported the judgment.

The court refused a request by appellant to submit a special issue, as follows: "Do you find from a preponderance of the evidence that the injuries, if any, sustained by the minor plaintiff, Pauleta Rutherford, was the result of a new and independent cause, as that term has been defined to you by the court?" It may be conceded that under the decision in Colorado & S. Ry. Co. v. Rowe (Tex.Com.App.) 238

S.W. 908, and many other decisions following that case and applying the holding therein to various situations, the court was under duty to submit the issue of a new and independent cause, and erred in refusing to give the requested issue, unless that issue was otherwise submitted. An issue was submitted reading as follows: "Question No. 8. Do you find from a preponderance of the evidence that the falling of the bottle in question was due to the unprecedented, unusual and violent slamming of the door by the customer Ethel McDougall?" Another inquired if "* * * such slamming, if any, of said door, as inquired about in special issue No. 8, was the sole cause of" plaintiff's injuries. Still another inquired if it was a "proximate cause" thereof. There was no evidence of any new and independent cause of plaintiff's injuries other than such as related to the subject-matter of the above submitted issues. No assignment of error complains of the manner of the submission of said issues. No objections were made thereto. The rule applicable to such a situation is that where the court submits an issue made by the pleadings and evidence, although objectionable in the form or manner of submission, a party cannot fail to object and yet upon appeal have the judgment reversed upon an assignment of error based alone upon the refusal of the court to give a requested correctly stated special issue. It was so declared in Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920.

Of course, if said issues were not subject to objection, there would be no error in the refusal of the court to submit the same again in different form.

The ground upon which another assignment predicates error was the refusal of the court to submit a requested special issue, as follows: "Do you find from a preponderance of the evidence that the defendant could foresee and anticipate that the door on its refrigerator would be slammed in the way and manner it was slammed by the witness Ethel McDougall on the occasion in question?" In our opinion, the court did not err in refusing the request to submit such issue. The question at most called for the finding of an inconclusive evidentiary fact. Suppose the evidence would have warranted the conclusion that defendant could have reasonably foreseen that the door would be slammed in the way and manner it was slammed, but would not have war-

ranted the conclusion that the effect thereof could reasonably have been foreseen. The jury's verdict upon the special issue would not in that case properly have supported a judgment for defendant.

The same may be said of the refusal of the court to give another requested special issue reading: "Do you find from a preponderance of the evidence that the defendant could anticipate that the bottle of goods would fall from the refrigerator had not the door been slammed on the occasion in question?" An answer either way would not have been determinative of any real issue in the case. There was perhaps no evidence, at all, that the bottle would have fallen had there been no jar such as the slamming of the door. Then of what materiality could the inquiry be whether something could have been anticipated which there was no evidence to show ever happened or probably could happen?

Being of the opinion that no error has been shown, and that the judgment of the court below should be affirmed, it is accordingly so ordered.