Ex parte Albert Earl TAYLOR, Jr., and Joy Lynn Taylor, Minors.

No. 5301.

Court of Civil Appeals of Texas.
El Paso.
March 11, 1959.

Will Hadden, Odessa, for appellant.

George L. Fowler, Odessa, for appellees.

LANGDON, Chief Justice.

This is an appeal from an order of the District Court of Ector County, granting the ex parte application of two minor children, Albert Earl Taylor, Jr., a boy six years old, and Joy Lynn Taylor, a girl five years old, brought in their behalf by appellees, T. S. Catlett and wife, Joyce Elaine Taylor Catlett, as next friend, to change the name of said minor children under the provisions of Article 5929, Vernon's Ann.Civil Statutes of Texas.

Appellant Albert Earl Taylor and appellee Joyce Elaine Taylor were divorced in the early part of 1955, and the custody of their two minor children was awarded to Joyce Elaine Taylor. After the divorce, Mrs. Taylor married T. S. Catlett, and some two years later appellees brought this proceeding in behalf of said minors seeking to change the names of the children from "Taylor" to "Catlett", alleging in support of the application that it would be advantageous and for the best interests of said minors to have their surname changed to conform to that of appellees, their natural mother and her husband, with whom they made their home.

No citation issued and none was required, but appellant Albert Earl Taylor, intervenor below, learned of the proceeding and filed his intervention setting up a plea in bar on the grounds that the issue of change of last names of said minor children had already been decided against appellees in cause No. 250 on the adoption docket of the said district court in Ector County. Appellant contends that the trial court, having denied appellees' application to adopt said minor children in the prior cause, also denied appellees' ancillary plea for change of name of said minor children contained in the adoption petition, and that the judgment of the trial court in the adoption case is res adjudicata. In addition to the plea in bar, appellant specially denied

that it was in the best interests of either minor to have their name changed.

After a hearing before the court, appellant's plea in bar was overruled and petitioners' application to change the name of said minor children was granted as prayed for.

■ Appellant brings five points of error. In his first point appellant contends that the trial court erred in overruling the plea in bar. We are unable to agree with this contention, it being well settled that when a suit is instituted in behalf of minors by next friend, the minors, and not the next friend, are the real plaintiffs. McDonna v. Wells, 1 Posey, Unrep.Cas. 35; Long v. Behan, 19 Tex.Civ.App. 325, 48 S.W. 555; Gulf, C. & S. F. Ry. Co. v. Styron, 66 Tex. 421, 1 S.W. 161. The proceedings had in the prior adoption case in which the prayer for change of name was merely ancillary to the adoption, the children themselves being the object of the adoption proceedings but not parties thereto, it follows that such prior ex parte proceeding would not be res adjudicata as to the right of such minors to bring this action for change of name by next friend, as authorized by Article 5929. We are of the opinion that the trial court did not err in overruling appellant's plea in bar.

By second point, appellant urges that the trial court erred in refusing to permit appellant to perfect a bill of exceptions based on the court's rulings on the following questions, as taken from appellant's brief:

"By Mr. Hadden: Q. Mr. Taylor, do you presently have a motion in the Pecos County Court asking the Court to make a change in connection with their custody? A. Yes, sir.

"Q. What are you asking the Court to do?

"Mr. Fowler: If your honor please, I think that is immaterial. I think the record would be the best evidence.

"The Court: Sustain the objection.

"Mr. Hadden: Exception. I will have to ask him a few questions to make my bill.

"The Court: For what purpose do you want to ask the questions?

"Mr. Hadden: The whole matter is relevant to this matter.

"The Court: I will overrule your objection.

"Mr. Hadden: Exception, and note an exception to the court's refusal to let us make our bill. That is all, we rest."

■ Where testimony of a witness is excluded on objection to a question, appellant should show by bill of exceptions what the witness would have answered if permitted to do so, and in the absence of such showing, no error on the part of the trial court is demonstrated. Bradford v. Magnolia Pipe Line Co., Tex.Civ.App., 262 S.W.2d 242; Texas Lloyds v. Laird, Tex.Civ.App., 209 S.W.2d 937; Rule 373, Texas Rules of Civil Procedure.

"Where the ruling excludes a question and exception is taken by the offeror, he must state the expected answer of the witness." McCormick & Ray, Texas Law of Evidence § 20.

The purpose of this requirement is to enable the appellate court to determine whether the offeror has been prejudiced by the exclusion of the evidence.

■ Where an exception is taken to a ruling of the court excluding a question, and the court asks the purpose of the question, it is incumbent upon the offeror to specifically state how or why the proffered testimony is material, relevant or competent, and a mere general statement that it is material is tantamount to no exception and will not support an assignment in the appellate court.

■ The action of the court did not leave appellant without remedy, as the rules provide a remedy for such a situation;

therefore, in the absence of any information as to what purpose the evidence would have served, we are without power to say that appellant was harmed by its exclusion.

Appellant further contends, in Points Three and Four, that the trial court erred in finding that it is for the best interests of such minors to change their names from "Taylor" to "Catlett".

■ While this court recognizes that the father, who is ordinarily the objecting party, has a protectible interest in having his child bear the parental surname, even though the mother has been awarded the custody of such children, the interest and desire of the father is secondary to what is in the best interests of the children, and if the facts alleged and proven satisfy the court that such change will be for the benefit and interest of the minor the judge of said court shall grant authority to change the original name and adopt another. Article 5929, Vernon's Ann. Civil Statutes of Texas.

■ Appellant does not contend that the trial court abused its discretion. It is settled doctrine that minors are wards of the court and entitled to its protection, and, in order to meet this responsibility, the courts of Texas have been endowed with wide powers in respect to all questions relating to the welfare of minors. In the absence of a showing that the trial court abused its discretion, the action of the trial court in granting authority to the minors to change their names and to adopt another is a matter for the trial court and is not subject to review on appeal.

■ Appellant's fifth point of error raises for the first time on appeal the question of the sufficiency of the pleadings of appellees, and contends that such pleadings do not state a cause of action. We have examined the pleadings in the light of the statute under which this proceeding was brought, and we are unable to agree with appellant's contention.

After verdict and judgment all that is possible is presumed in aid of the pleading, and the accepted doctrine is that the defect has been waived in the absence of an exception acted upon by the court. 33 Tex.Jur., pp. 612–613.

The judgment of the trial court is affirmed.