NATIONAL LIFE & ACCIDENT INS. CO. v. HARRIS.

No. 1813.

Court of Civil Appeals of Texas. Eastland.

June 10, 1938.

Rehearing Denied July 8, 1938.

of $100. The defendant answered, interposed certain dilatory pleas, entered general denial of liability, and specially pleaded as defense the provision of the policy, providing "If the age of the insured be misstated the amount payable hereunder shall be such as the premium paid would purchase at the correct age."

In this connection the defendant alleged that the age of the insured had been misstated in his application for the same, as well as in the policy. That the insured at the time of taking the insurance stated his age at the next birthday to be 52 years, whereas his true age at his next birthday would be 70 years. That the premium contracted to be paid and paid by the insured was 50 cents per week, based upon the age of 52 years. That by reason of the misstatement of the age the plaintiff purchased but $100 worth of insurance with the above weekly premiums. Then following the general denial and other special pleas, the defendant tendered into court said $100 as compensation in full to plaintiff under the above-quoted provision of the policy. It was alleged that the misrepresentation as to age was a warranty material to the risk relied on by the defendant and that had it known such misrepresentation at the time, the policy would not have been issued.

The trial was before the court and jury and various special issues were submitted to the jury, and, upon their answer to same, judgment was rendered in favor of the plaintiff for the face of the policy, plus $33.60 penalty and $100 attorney's fee, etc.

As stated by appellant in its brief, the only real issue in the case was the true age of the insured at the date of taking out the policy. The first issue submitted was as follows: "From a preponderance of the evidence, what do you find was the age of the deceased, John M. Tarrant, at his next birthday on December 3, 1929?" To this question the jury answered "52 years." In answer to special issue No. 1, requested by the defendant, the jury found from a preponderance of the evidence that John M. Tarrant did not misstate his age at the time he applied for the policy in suit.

These findings are challenged by various assignments and propositions. It is claimed that the court erred in refusing to grant the defendant's request for a peremptory instruction in its favor, that there was error in not sustaining the defendant's motion for a judgment non obstante veredicto, and the contention is made that the verdict and

Turner, Seaberry & Springer, of Eastland, for appellant.

L. R. Pearson, of Ranger, for appellee.

LESLIE, Chief Justice.

Lola Harris, as beneficiary, instituted this suit against The National Life & Accident Insurance Company on endowment policy issued to John M. Tarrant, the father of plaintiff. The policy was for $280, dated December 16, 1929, and payable when the insured reached 70 years of age, or died prior thereto. He died on May 31, 1936. The beneficiary made proof of death, alleged the defendant's refusal to pay the policy on demand, and sought to recover in addition to the face of the policy 12 per cent statutory penalty and an attorney's fee

judgment is against the great weight and preponderance of the testimony.

 These contentions will be grouped and disposed of together. Although there was but a single controlling issue, there is a rather lengthy statement of facts. It presents considerable testimony to the effect that after applying for this policy, the insured made an application for old age pension and stated therein, either in person, or through others, that his age was such as to render it other than 52 years of age at his next birthday after taking out the policy, viz., 70 years of age. Other circumstances corroborate this evidence. On the other hand, the plaintiff, the daughter of the insured, testified that her father had often stated to her that his age was that which it was represented to be in the application for insurance and the policy itself. We have read the testimony carefully and after doing so we entertain the view that it was of such nature and of sufficient probative force as to justify the trial court in not granting either the defendant's request for a peremptory instruction, or its motion for judgment non obstante veredicto. Further, we are unable to say that the verdict is so against the "overwhelming weight and preponderance of the testimony" as to indicate bias and prejudice upon the part of the jury and court trying the case.

 The principal testimony and in fact substantially all of it tending to establish the jury's answer to the issues herein stated came from the plaintiff, or beneficiary. We do not think it is to be excluded as self-serving and hearsay by reason of the fact that it was based upon what the father had told the daughter. In Jones on Evidence, 3d Ed., p. 457, it is said: "The date of a person's birth or his age may be testified to by himself, or by the members of his family, although the knowledge may be gained only by tradition." The rule is believed to be elementary and the authorities so announcing it are uniform in their holding. Hence the court may not reject for any of the reasons assigned by defendant the testimony coming from the beneficiary and bearing upon the issues of the case in the respect now under consideration.

 The remaining assignments relate to improper argument upon the part of the plaintiff's counsel, especially in his closing address to the jury. There are several of these assignments and the most of them assert that in his argument counsel was permitted to give the jury statements amounting to "testimony unsworn to and inadmissible." That the verdict of the jury was so against the overwhelming weight of the testimony that the finding of the jury as to the age of the defendant was based not upon the preponderance of the testimony, but was the result of prejudicial and inflammatory argument of counsel.

In the argument reference was made to the fact that the company wrote "nigger insurance"; that it ought to meet its obligations; that insured had been paying his premiums for nearly eight years and that the premiums had been accepted during that period of time without any suggestion of misstatement of age, and that the question had been raised after death, etc. The materiality of some of this argument is not apparent, but on the whole we do not think it shows reversible error. The real issue was simple, and, so far as we can see, there is no prejudicial reflection in the testimony on either the insurance company or the plaintiff, and the argument was doubtless presented in a humorous strain. That the insurance company and its colored clients were involved in litigation was plain to the jury, or anyone concerned. The testimony presented just such picture. On the whole, we think the argument complained of may fairly be considered as immaterial and harmless, permitting latitude in which the trial court had a right to exercise some discretion in overruling the points here insisted on. Williams v. Rodocker, Tex.Civ. App., 84 S.W.2d 556, and authorities there cited. We are unable to believe a jury composed of ordinary men, possessing the common-sense and intelligence which qualify them for jury service could have been unduly influenced to the prejudice of the defendant by the argument complained of.

 It is also assigned as error that counsel for plaintiff in referring to specially requested issue No. 1 stated "your answer to that should be 'no'." The point made is that he thereby apprised the jury of the legal effect of their answer to the issue. We do not so interpret this incident of the trial. In Dallas Ry. & Terminal Co. v. Bankston, Tex.Com.App., 51 S.W.2d 304, it was held that in argument counsel may advise the jury how, in his opinion, from the evidence issues submitted should be answered. That fits the situation here and the argument complained of is, in our opinion, not to be construed as telling the jury how to answer the issues so a specified party could recover. See, also, Safeway

Stores, Inc. v. Rutherford, Tex.Civ.App., 101 S.W.2d 1055.

For the reaons assigned each of the defendant's contentions are overruled, and the judgment of the trial court is affirmed.