# Black, Appellant, *v.* Baltimore & Ohio Railway Company.

*Negligence—Death—Damages—Actions—Acts of April* 15, 1851, *P. L.* 669, *and April* 26, 1855, *P. L.* 309.

Where a person is injured by the negligence of another and brings an action for the injuries sustained, but dies before the suit is concluded, his children have no right to maintain an independent action of their own under sec. 19 of the Act of April 15, 1851, P. L. 669. In such a case the pending suit must be prosecuted by the personal representatives of the deceased. It is not open for the children to elect to bring another action, and to disregard the pending suit or discontinue it.

Argued March 24, 1909. Appeal, No. 77, Jan. T., 1909, by plaintiffs, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1906, No. 3,081, for defendant non obstante veredicto in case of Alexander Black et al. v. Baltimore & Ohio Railway Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of plaintiffs' father. Before RALSTON, J.

The opinion of the Supreme Court states the case.

The jury returned a verdict for plaintiffs for $1,925. Subsequently the court entered judgment for defendant non óbstante veredicto on the ground that the plaintiffs had no right to discontinue the suit pending at their father's death, and institute a new action for his death.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Ulysses. S. Koons*, for appellants.—The cases show clearly the difference in the two kinds of actions, viz.: under the act of 1851 on the one hand, and under the act of 1855 on the other. Under the act of 1851 recovery is for the wrong done to the injured person. Under the act of 1855, recovery is for the wrong done to the parties enumerated therein. Their right of recovery is not by succession: R. R. Co. v. Zebe, 33 Pa. 318; Deni v. R. R. Co., 181 Pa. 525; Maiorano v. B. & O. R. R. Co., 216 Pa. 402; Haughey v. Pittsburg Rys. Co., 210 Pa. 363.

The acts of 1851 and 1855 being in derogation of the common law must be strictly construed: Gardner v. Kiehl, 182 Pa. 194; Becker v. Street Ry. Co., 25 Pa. Superior Ct. 367; Fitzpatrick v. Riley, 163 Pa. 65.

There is nothing in the statutes that compels the personal representatives of the decedent to continue his suit; or that prevents the parties enumerated in the act of 1855 from prosecuting their suit for their peculiar injuries where the personal representatives fail to press their case to a final recovery either by amicable settlement or by verdict and judgment.

The only reasonable conclusion is that the legislature by the language of sec. 19, act of 1851, intended only to prevent a double recovery, or more than one adjudication of defendant's alleged default: McCafferty v. R. R. Co., 193 Pa. 339.

*William B. Linn*, for appellee.—The question raised has been substantially decided in two cases growing out of the same accident: Birch v. Ry. Co., 165 Pa. 339, and Taylor's Estate,

179 Pa. 254.  See also Hill v. R. R. Co., 178 Pa. 223; Mc-
Cafferty v. R. R. Co., 193 Pa. 339; Edwards v. Gimbel, 202 Pa.
30.

OPINION BY MR. JUSTICE MESTREZAT, April 19, 1909:

This is an action instituted by the children of John Black,
deceased, to recover damages for his death.  Black was in-
jured by one of defendant company's trains on December 27,
1906, at the Black Diamond Coal Yard in the city of Phila-
delphia, and died on January 7, 1907.  This suit was brought
January 16, 1907.  On the trial of the cause it appeared by the
evidence that Black had brought suit against the defendant
company on January 2, 1907, to recover damages for the in-
juries he sustained in the same accident for which the plain-
tiffs now seek to recover.  In the present action the jury re-
turned a verdict in favor of the plaintiffs.  Subsequently, on
motion of counsel, the court entered a judgment for the de-
fendant non obstante veredicto.

The above statement of facts shows that the plaintiffs can-
not recover in this action, and that the learned court below
was clearly right in entering judgment in favor of the defend-
ant.  The right to recover here depends entirely upon statu-
tory authority.  The Act of April 26, 1855, P. L. 309, desig-
nates the parties entitled to recover in case of death resulting
from negligence and provides that they shall take the damages
recovered in the same proportion as they would take the per-
sonal estate of the deceased in case of intestacy.  The fund re-
covered is not liable to the creditors of the party for whose
death the action is brought.  The right, however, to bring the
action was not conferred by the act of 1855, but by the Act of
April 15, 1851, P. L. 669.  The eighteenth section of that act
reversed the rule of the common law, provided for survivor-
ship, and where the action had been brought by the injured
party during his life permitted the substitution of his personal
representatives in case of his death prior to the final disposi-
tion of the cause.  This section of the act of 1851 is applicable
to the facts of the case at bar.  After the accident, Black
brought suit for the injuries which he had sustained.  Five

days thereafter he died, and, while the action was pending, the present suit was brought by the children of the deceased. This was a mistake. Instead of the children bringing an action, the personal representatives of Black should have been substituted as plaintiffs and they should have prosecuted the case to final judgment and satisfaction. This is the mode of procedure pointed out by the statute, and, hence, must be observed if a recovery is to be had for Black's death.

The present action cannot be maintained under section nineteen of the act of 1851 as supplemented by the act of 1855. That section of the act of 1851 created a new cause of action and conferred the right of recovery in such actions upon the widow of the deceased, or if there was no widow, the personal representatives were authorized to bring the action. The act of 1855 changes the parties for whose benefit the action is brought, and gives to children the right to sue for the death of a parent. Before, however, an action can be brought under sec. 19 of the act of 1851 two facts must exist: (a) the death must have been occasioned by unlawful violence or negligence, and (b) there must have been no suit for damages brought by the party injured during his life. The existence of both of these facts is a condition precedent to the bringing of an action by children for the death of a parent. If either is absent no suit will lie. Here, as we have seen, Black himself brought an action for the injuries he sustained by the accident and this fact deprives the plaintiffs, the children of the deceased, of the right to maintain an action under this section of the act of 1851. The statute is so plain there can be no doubt as to its interpretation. Argument is unnecessary to show what the statute clearly declares, that an action for death caused by negligence can only be brought where no suit for damages has been instituted by the party injured during his life. As the plaintiffs seek to enforce a statutory right, they can only recover by complying strictly with the statute which creates the cause of action. Black having brought an action for the injuries he sustained, no recovery can be had for his death, except by his personal representatives who are authorized by the statute to "prosecute the suit to final judgment and satis-

faction." There is no discretion in the matter. It was not open for the children to elect to bring another action and to disregard the former suit or discontinue it. They had no authority to do either.

The assignments of error are overruled, and the judgment is affirmed.