# McCullough to use, etc., *v.* Phila., Newtown & N. Y. R. R. Co., Appellant.

*Actions—Trespass—Personal injuries—Death—Death of plaintiff—Survival of right of action—Action improperly brought as bar to proper action.*

In an action of trespass brought by a widow to recover damages for the death of her husband it was alleged that the negligent operation of one of defendant railroad company's trains caused the injuries which resulted in the husband's death. The evidence tended to support this allegation. It appeared, however, that the husband, in his lifetime had instituted an action to recover damages for the same injuries from another defendant who was, in fact, in no way connected with the operation of the train that caused the injuries. The action thus wrongfully brought by the husband did not bar the widow from maintaining her rights, under the Act of April 15, 1851, P. L. 674, in an action for the death of her husband against the company which, under the evidence, was responsible.

*Evidence—Death—Cause — Injuries — Natural and proximate consequence—Proof—Sufficiency.*

In an action to recover damages for death, alleged to have been caused by the negligence of the defendant, there was no medical testimony which would warrant a finding as to the cause of death. It was testified, however, by the witness who helped pick up the injured man that there was a hole in his head in which the witness said he could turn his fingers. There was evidence of other injuries including broken ribs and bruises. The injured man never left his bed after being taken to the hospital; he was delirious most of the time until he died, a month after the accident, and there was no evidence of any intervening cause of death.

*Held:* it was not error to refuse, in such case, to instruct the jury that the testimony was insufficient to warrant the conclusion that the death was the natural and proximate consequence of the accident.

*Damages—Measure—Death—Action by personal representatives —Action by widow—Funeral expenses.*

When an action has been brought in his lifetime, by an injured party, to recover for the injuries received, the damages recoverable by his personal representative in case of his death before his action

is completed, should be the same as he could have recovered had death not ensued.

When an action is brought by the widow of the deceased the right of recovery is in the party entitled to sue, and the measure of damages is the pecuniary loss sustained by reason of the death.

Where there is no evidence as to the estate left by the decedent his widow is not entitled to recover his funeral expenses, as part of her damages, for it cannot be assumed that the estate was not sufficient to pay those expenses.

Argued October 20, 1922.  Appeal, No. 155, Oct. T., 1922, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1917, No. 3997, on verdict for plaintiff in the case of Michael J. McCullough, Administrator of the Estate of Margaret McCullough, deceased, to the use of Frank Curran and said estate, v. The Philadelphia, Newtown & New York Railroad Company.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Modified and affirmed.

Trespass to recover damages for death.  Before HENRY, P. J., 52d Judicial District, specially presiding.

Patrick McCullough was struck and injured by a locomotive while he was engaged in his employment as a street sweeper on Second Street in the City of Philadelphia.  He was taken to the hospital where he died about a month later.  Before his death he brought suit against the Philadelphia & Reading Railroad Company.  A nonsuit was granted in that action because of failure to connect the defendant with the operation of the train that caused the injuries.  The widow subsequently instituted this action.

Verdict for the plaintiff in the sum of $1,162.40 and judgment thereon.  Defendant appealed.

*Errors assigned* were refusal to enter judgment for defendant non obstante veredicto, and various rulings on evidence and part of the charge of the court.

*William Clarke Mason,* for appellant.—The plaintiff's evidence shows that the deceased brought an action in his lifetime and there was therefore no right of action in his widow: Black v. B. & O. R. R., 224 Pa. 519.

There is no proof that death was attributable to the accident and plaintiff's case is without adequate support: Gosser v. Ohio Val. Water Co., 244 Pa. 59; Miller v. Director General, 270 Pa. 330.

Funeral expenses are not a proper item of damage because they cannot be recovered as an element of loss by the widow: Quinn v. Pittsburgh, 243 Pa. 521.

*Frederick H. Warner,* for appellee.

OPINION BY PORTER, J., July 12, 1923:

Margaret McCullough brought this action of trespass to recover damages for the death of her husband, alleged to have been occasioned by the negligence of the defendant. She died during the pendency of the action and her administrator was substituted as the plaintiff. The trial resulted in a verdict and judgment for the plaintiff and the defendant appeals. The assignments of error raise three questions. (1) Patrick McCullough, the deceased, having in his lifetime brought an action against the Philadelphia & Reading Railway Co. to recover for the injuries which subsequently resulted in his death, which action was nonsuited upon the ground that there was no evidence that the train which caused the injury was operated by that company, did this operate as a bar of his widow to maintain this action, brought after his death, against the present defendant? (2) Was there sufficient evidence to warrant a finding that the death was the result of the accident? (3) Was the widow entitled to recover the amount of the funeral expenses of the deceased?

(1) The defendant contends that, Patrick McCullough having in his lifetime brought an action to recover for his injuries from a defendant who was in no manner

connected with the operation of the train which had caused such injuries, his widow was thereby barred from maintaining an action for his death against the only company, which under the evidence, was responsible for the operation of the train that caused the injuries of the deceased.   This is not a case where the negligence of two wrongdoers might render them jointly and severally liable.   The evidence disclosed that the Philadelphia & Reading Railway Co. had no connection whatever with the accident.   The contention of the defendant is based on the provisions of the Act of April 15, 1851, section 19, P. L. 674, viz: "That whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured during his or her life, the widow of any such deceased, or if there be no widow the personal representatives, may maintain an action for and recover damages for the death thus occasioned."   It has been well settled that the effect of the eighteenth and nineteenth sections of this statute is to give to the cause of action the quality of survivorship. The intention of the enactment was that the death of the person injured should not free the wrongdoer from an action.   When the action is brought by the injured party in his lifetime against the wrongdoer, the action survives and is to be prosecuted by his personal representatives, but if the injured party died without instituting the action, the statute gave to the widow the right to "maintain an action for and recover damages for the death thus occasioned."   The foundation of the cause of action in each case remained the same, the negligence of the defendant resulting in the injury.   "The intention of the statute is not to make the wrongdoer pay damages twice for the same unlawful act, but to enable the representatives of the person injured to recover in a case where the maxim actio personalis moritur cum persona would have applied."   The 18th section of the statute having provided that when the action was brought by the party injured, who subsequently died, the right should

survive in his personal representatives; when the legislature came to granting to the widow the right to maintain an action it was necessary to limit that right, or otherwise the wrongdoer might be called upon to pay damages twice for the same act. It was clearly for this reason that the right of the widow was made subject to the condition that no suit for damages had been brought by the party injured in his lifetime. The legislative intention, in making the right of the widow subject to this condition, was to prevent the injustice of calling upon a defendant to respond twice in damages for the same negligent act. If the action of Patrick McCullough in his lifetime had been against this defendant, the right of the widow after his death would have been effectually barred: Hill v. Pennsylvania R. R. Co., 178 Pa. 223; McCafferty v. R. R. Co., 193 Pa. 339; Black v. B. & O. Ry. Co., 224 Pa. 519. When he brought the action against the Philadelphia & Reading Ry. Co. the alleged cause of that action was the injuries resulting from the negligence of that company. Upon the trial of that action the negligence of the present defendant was in no wise involved and evidence thereof would have been incompetent. This defendant was not then called to answer and no judgment could have been entered against it. The defendant has never been in any danger of being called upon to twice pay for the results of the same negligent act. The wrong which is the foundation of the cause of action in the present case is the negligence of this defendant, with which the Reading Railway Co. had no connection. The right of the plaintiff was not barred by the action which Patrick McCullough had brought in his lifetime, and the specifications of error which raise that question are overruled.

(2) It was incumbent on the plaintiff to show with reasonable certainty that the death of her husband resulted from the injury received. The medical testimony produced by the plaintiff would not have warranted a finding as to the cause of death. This was probably due

to the fact that the injured man was taken directly from the place of the accident to a hospital and was not attended by family physicians.  The accident occurred in July, 1917, and the injured man lived almost a month, but the case was not tried until April 6, 1922, the physicians who had attended the patient at the hospital had no personal recollection of the facts and the hospital records were not kept in such a manner that the learned judge who tried the case deemed them competent evidence.  There was evidence, however, that the man never recovered from the effects of his injuries.  The man who assisted in picking him up at the time of the injury testified that he could "turn my fingers in the hole that was in his head"; those who frequently visited him at the hospital testified that he was delirious nearly all the time and that he had to be strapped to the bed.  There was testimony that in addition to the injury to his head some of his ribs were broken and his body black from bruises.  He was never out of bed from the time he was taken to the hospital and there was no evidence of any intervening cause of death.  We are not prepared to say that the court should have instructed the jury that the testimony did not warrant the conclusion that the death was the natural and proximate consequence of the accident.

(3)  When the action has been brought in the lifetime of the injured party, it logically follows that the damages recovered by his personal representatives should be the same as he could have recovered had death not ensued.  It is a mistake to suppose that recovery in such a case is for the death.  When the action is brought by the widow of the deceased the right of recovery is in the party entitled to sue, and the measure of damages is the pecuniary loss sustained by reason of the death.  The estate of the deceased, in the present case, was liable for his funeral expenses.  There is not a scintilla of evidence as to whether the deceased left any property, and in the absence of such evidence we cannot assume that it was

not amply sufficient to pay his funeral expenses. The measure of damages is not the same when the action is by the personal representatives as when the action is brought by the widow to recover damages for the death : McCafferty v. R. R. Co., supra. In the latter case, "The true measure of damages is the pecuniary loss suffered, without any solatium for mental suffering or grief; and the pecuniary loss is what the deceased would probably have earned by his labor, physical or intellectual, in his business or profession, if the injury that caused death had not befallen him, and which would have gone to the support of his family. In fixing this amount, consideration should be given to the age of the deceased, his health, his ability and disposition to labor, his habits of living, and his expenditures": McHugh v. Schlosser, 159 Pa. 486. The court erred in instructing the jury that, in case they found for the plaintiff, they should include in their verdict the amount of the funeral expenses. This, however, is an error which from the record it is within our power to correct. There was no dispute under the evidence that the amount of the funeral expenses was $280.65, and the court in its charge so stated the amount. We will, therefore, modify the judgment by deducting therefrom the amount of the funeral expenses.

The judgment is modified and judgment is now entered in favor of the plaintiff for $881.75, with interest from April 7, 1922, and as modified, is affirmed.