# Cordingly *v.* Kelly, Appellant.

*Negligence—Death—Unconsciousness of injured person until death—Suit brought in unconscious condition—Suit by widow after death—Act of April 15, 1851, P. L. 669.*

1. Where a person injured in an automobile accident continues unconscious until death, and a suit brought in his name before his death is nonsuited on the ground that the injured man could not have brought or authorized the suit, the widow may thereafter bring a suit under the Act of April 15, 1851, P. L. 669, to recover damages for his death.

2. The first suit was irregular and of no more effect than if the action had not been begun.

3. Defendant is estopped from asserting in the second suit the exact opposite of what he successfully maintained in the first.

Argued January 16, 1923. Appeal, No. 99, Jan. T., 1923, by defendant, from judgment of C. P. No. 2, Phila. Co., April T., 1921, No. 3446, on verdict for plaintiff, in case of Lydia Cordingly v. R. Jas. Kelly. Before FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before STERN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $8,000. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*C. William Freed,* for appellant.

*Herman D. Levinson, Robert M. Bernstein* and *Murphy & Levy,* for appellee, were not heard.

PER CURIAM, February 12, 1923:

On the night of April 25, 1920, Earl Cordingly, plaintiff's husband, while riding a motorcycle on the Northeast Boulevard, in the City of Philadelphia, collided with an automobile owned and driven by defendant and was injured to such extent that he died on April 27, 1920. On April 26th, the day preceding his death, an action was brought in the Court of Common Pleas No. 3 of Philadelphia County, in the name of Cordingly, to recover damages for injury sustained by the accident. Later plaintiff, as administratrix of her husband and in her own right, filed a statement of claim in the pending proceedings. On March 14, 1921, the case was called for trial and, it appearing from the testimony that Earl Cordingly was rendered unconscious by the collision and remained in that condition until his death, the court, on motion of defendant's attorney based on the ground that the action was not and could not have been either brought or authorized by Cordingly, entered a nonsuit which action remains unappealed from. On March 29, 1921, the present action was begun by plaintiff, as widow of Cordingly, against defendant in the Court of Common Pleas No. 2 of Philadelphia County, to recover damages in her own right and that of her minor son for the death of her husband and upon trial a verdict was rendered in her favor and judgment entered thereon. Defendant

appealed, claiming now, as he did in the court below, that the action brought in Common Pleas No. 3 was a bar to the present proceedings.

The Act of April 15, 1851, P. L. 669, section 19, provides that "Whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured during his or her life, the widow of any such deceased, or if there be no widow the personal representatives, may maintain an action for and recover damages for the death thus occasioned." The Act of April 26, 1855, section 1, names the persons entitled to recover damages for injury causing death, the widow being one of those named. The question for determination is whether plaintiff, in view of the proceedings in the Court of Common Pleas No. 3, is estopped from maintaining the present action. We think she is not. That proceeding was wholly unwarranted. It was not and could not have been instituted or authorized by Cordingly in his unconscious condition, which continued from the time of the accident until his death, consequently, no suit for damages was brought by the "party injured during his lifetime" and all proceedings had thereunder were irregular and of no more effect than if the action had not been begun. That decedent's death was the result of negligence on the part of defendant is established by the verdict of the jury, and, decedent not having begun suit during his lifetime, it follows that under the Act of 1851, plaintiff, as widow, is authorized to institute and carry on such action. The court below discharged the rule for a new trial and overruled the motion for judgment n. o. v. on two grounds: "(1) Defendant is estopped to assert the exact opposite of the position which he successfully maintained in the proceedings in Court of Common Pleas No. 3 [in support of this reason, see Edwards' Ap., 105 Pa. 103, 108; Donnelly v. Public Service Com., 268 Pa. 345, 350; Reese v. Adamson, 276 Pa. 253]. (2) Under the Act of April 15, 1851, where a death has been occasioned by another's

negligence, the only limitation upon the right of the widow to maintain an action is where a suit for damages was brought by the party injured during his lifetime and, in the present case, no such suit was in fact brought."

We find no error in the conclusion reached by the court below and the judgment is affirmed.