## Ditkosky, Administratrix, v. Schreiber Trucking Company et al.

Before Valentine, P. J., Lewis and Pinola, JJ.

*George I. Puhak,* for plaintiff.

*William S. McLean,* for defendants.

VALENTINE, P. J., November 21, 1951.—Plaintiff administratrix instituted suit under the Survival Act of July 2, 1937, P. L. 2755, to recover damages for the death of her decedent.

Defendants filed preliminary objections as follows:

"1. The plaintiff's decedent was instantly killed and no right of action, therefore, survives to his administratrix, the plaintiff in the captioned suit.

"2. The plaintiff is estopped from instituting this suit as administratrix inasmuch as her claim as administratrix was included with her other claims as trustee ad litem and as widow of the decedent in the amicable suit instituted to no. 1190, March term, 1951, in this court wherein, by agreement, judgment was entered in favor of the plaintiff as trustee ad litem and said judgment was satisfied."

With reference to the first objection the brief of defendants' counsel sets forth his contention as follows:

"It will be noted that the complaint in this case alleges that the decedent was killed instantly and it is obvious, therefore, that the decedent during his lifetime had no right of action in trespass against the defendants for the reason that the occurrence of the tort and the decedent's death were simultaneous."

"The fundamental principle upon which the survival actions is based is the continuation in the personal representative of a right of action which existed in favor of the decedent *during his lifetime.* If, there-

fore, the decedent was killed outright by the defendant's tort there could be no right of action which survived because the occurrence of the tort and the decedent's death were simultaneous."

The Act of July 2, 1937, P. L. 2755, supra, provides:

"2 (b) Executors or administrators shall have power either alone or jointly with other plaintiffs, to commence and prosecute all actions for mesne profits or for trespass to real property, and all personal actions which the decedent whom they represent might have commenced and prosecuted, . . ."

The Act of April 18, 1949, P. L. 512, sec. 601, provides:

"All causes of action or proceedings, real or personal, except actions for slander or libel, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants."

Section 603 provides:

"An action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive."

In support of his position, defendants' counsel stresses the language of the Supreme Court in Pezzulli, Admr., v. D'Ambrosia, 344 Pa. 643, where it was said, (page 648):

"During the interval, however short, which elapses between the occurrence of the accident and the death of the injured person—in the present case ten minutes—there accrues to him a cause of action, because of the injury inflicted upon him, which entitles him to recover, if he has time in which to bring the suit, the present worth of his loss of earning capacity during his life expectancy."

In Smith, Admr., v. Pennsylvania Power & Light Company, 50 D. & C. 581, suit was brought under the Survival Act of July 2, 1937, as was here done. The

jury returned a verdict in favor of plaintiff, but made a special finding that the death of plaintiff's decedent was instantaneous. In denying the motion for judgment n. o. v., Judge Reese aptly said (pages 584-85):

"Defendant argues that the important fact in the Pezzulli case is that the decedent lived for 10 minutes and hence had a cause of action which survived to his administrator. Where is the line to be drawn? If 10 minutes is long enough, isn't 9, 5, or 1 or 2 minutes sufficient? Isn't a few seconds enough? If so, we can see no justice in denying recovery where the decedent's death was instantaneous."

In the Pezzulli case, supra, the victim was knocked unconscious and died about 10 minutes later while being rushed to a doctor. A similar situation was considered by the Supreme Court in Cordingly v. Kelly, 276 Pa. 374, in which it was held that an injured person who remained unconscious from the time of the accident until his death, two days later, could not have started or authorized the institution of an action. We agree with Judge Reese's conclusion that the construction of the Survival Act, contended for by defendants, is absurd and unreasonable and that the legislature could not have intended that such construction be adopted: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52.

We, therefore, conclude that under the Survival Act a personal representative of a person unlawfully killed, where no suit has been instituted by decedent, may maintain an action for the damages which decedent could have recovered whether the death was or was not instantaneous.

The second objection asserts that plaintiff is estopped from maintaining the action. It attacks neither the form nor substance of the complaint, but the contention is that for reasons not appearing in the complaint the action cannot be maintained. If this objection be

regarded as in the nature of a demurrer, filed under Procedural Rule 1017, it would (if plaintiff had raised the question by filing preliminary objections to objections filed by defendants, as might have been done: 2 Anderson Civil Practice, 202-207) have been adjudged bad as a speaking demurrer: Berish v. City of Bethlehem, 31 North. 372.

Rule 1019 $(g)$ provides a "party may incorporate by reference any matter of record in any . . . court of record whose records are within the County in which the action is pending." There is no assertion in the preliminary objections that the record in March term, 1951, no. 1190, is incorporated therein by reference. Counsel for defendants contends that the court should take judicial notice of such record. A court may take judicial notice of its orders and decrees which it has previously made in a pending proceeding, (Wagner's Appeal, 143 Pa. Superior Ct. 407) but, ordinarily, it may not take judicial notice of its own records in another case, even though the contents of the records may be known to the court (Steel v. Levy, 282 Pa. 338; Naffah v. City Deposit Bank et al., 339 Pa. 157) and even though the action may be between the same parties: Commonwealth ex rel. v. Ball et al., 277 Pa. 301.

Estoppel, as here asserted, is an affirmative defense. The matters relied upon to establish it should be set forth by answer, and the proceedings in March term, 1951, no. 1190, incorporated therein by reference: Thal v. Krawitz et al., 361 Pa. 178. See also Jackson v. The State Mutual Benefit Society, 95 Pa. Superior Ct. 56-61.

Therefore, now, November 21, 1951, the preliminary objections are dismissed and defendants are directed to answer the complaint within 20 days from date.