## Kerr (minor) v. Chanutin

*Michael M. Goss,* for plaintiff.

*Edwin L. Scherlis,* for defendant.

BECKERT, J., March 9, 1973.—Plaintiff seeks leave to amend the complaint filed in the above-captioned action. This is opposed by defendant.

The factual background is as follows: On November 30, 1971, Bonnie Kerr, a minor, was struck by an automobile and she sustained injuries as a result thereof. The complaint was filed by plaintiffs on December 3, 1971. Bonnie Kerr was living at the time of the filing of the complaint, but died shortly thereafter on December 6, 1971. A suggestion of death was filed approximately one year later (December 20, 1972), together with the instant petition seeking leave to file an amended complaint. The suggestion of death noted that letters of administration were granted to Catherine Kerr as administratrix of the estate of Bonnie Kerr on November 30, 1972, by the register of wills of this county, and that Catherine Kerr, said administratrix, be substituted as plaintiff.

Without attempting to set forth in detail the extent of the sought after amendments, it is obvious that counsel for plaintiff is striving to amend as to damages, which are occasioned by virtue of minor plaintiff's death. Defendant does not take the position that such an amended complaint should not be allowed if the amended complaint goes merely to the question of amending as to damages, but contends that the amended complaint should not be allowed as plaintiff seeks thereby to recover damages that would be recoverable only under and pursuant to the Pennsylvania Wrongful Death Act of April 15, 1851, P.L. 669, sec. 19, 12 PS §1601.

We agree with defendant that since plaintiff began her action against the alleged tortfeasor prior to her death, no wrongful death action may thereafter be instituted: Black v. Baltimore & Ohio Railway Company, 224 Pa. 519 (1909); Cordingly v. Kelly, 276 Pa. 374 (1923); Chappell v. Pittsburgh & West Virginia Railway Company, 402 Pa. 646 (1961). This does not prevent plaintiff from having her personal representative substituted as a party plaintiff and recovering damages for pain and suffering, medical, nursing and hospital expenses and "loss of gross earning power from the date of injury until death, and loss of earning power less personal maintenance expenses from the time of death through decedent's estimated working lifespan" (Incollingo v. Ewing, 444 Pa. 299, 309 (1971)), and further, as pointed out in that case, when dealing with a minor plaintiff, the portion of damages based upon economic loss compensates the estate "only for economic loss from the age of majority." See footnote 6 on page 307.

Therefore, applying these standards, the amendment sought is not introducing a new cause of action and is proper in all respects except for the inclusion of a claim for damages for funeral expenses. This item of damage appears to be peculiar to a wrongful death action: Skoda v. West Penn Power Co., 411 Pa. 323, 336 (1963); Krakar v. Don Swart Trucking, Inc., 323 F. Supp. 157, 158 (W.D. Pa., 1971). Therefore, for the reasons stated and further due to the applicability of the statute of limitations as more than one year has elapsed since the date of death, such an action cannot be instituted. We, therefore, enter the following

ORDER

And now, to wit, March 9, 1973, the rule heretofore granted to plaintiff upon defendant to show cause why the complaint should not be amended in accordance

with the complaint attached to the petition and rule is hereby made absolute; conditioned, however, upon the amended complaint having deleted therefrom any claim for damages as the result of funeral expenses.