Patricia FRANZ, Administratrix of the Estate of Charles Franz, deceased, and Patricia Franz, in her own right, Plaintiff,

v.

GAF CORPORATION, Combustion Engineering, Inc. and Foster-Wheeler Corporation, Defendants.

Civ. A. No. 85–2418.

United States District Court,
W.D. Pennsylvania.

Dec. 18, 1986.

Thomas Henderson, Pittsburgh, Pa., for plaintiff.

R. Kenneth Willman, Alan G. Blandino, Pittsburgh, Pa., for Combustion.

C. Leon Sherman, Pittsburgh, Pa., for GAF.

Paul H. Titus, Pittsburgh, Pa., for Foster-Wheeler.

---

OPINION

GERALD J. WEBER, District Judge.

Plaintiff initiated this wrongful death action at Civil Action No. 85–2418 after being denied permission to amend its complaint to assert wrongful death claims in a related asbestos action at Civil Action No. 84–1316. In that original action, decedent Charles Franz brought a lifetime action against Raymark Industries, Inc. and others, who then joined GAF Corporation and Combustion Engineering, Inc. among others as third party defendants. Franz died on October 24, 1984 and Patricia Franz was substituted as party plaintiff. Plaintiff has not asserted any direct claim against third party defendants GAF Corporation *et al.* in the original action.

In this second action, plaintiff directly asserts wrongful death claims against GAF Corporation, Combustion Engineering, Inc., and Foster-Wheeler Corporation, the successor-in-interest to Forty-Eight Insulations, based on the same facts as those alleged in the original action. Defendants here move to dismiss the complaint arguing that it is precluded by 42 Pa.C.S.A. § 8301(a) which provides that a wrongful death and survival action can be instituted as follows:

> An action may be brought to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no action for damages was brought by the injured individual during his lifetime.

Courts have strictly construed this statute to mean that if a suit for personal injuries is brought by the person injured during his lifetime, no other action of any kind is maintainable even though he subsequently dies of his injuries. *Pezzulli v. D'Ambrosia*, 344 Pa. 643, 26 A.2d 659 (1942). We believe that this law is controlling, and that the current action must be dismissed.