568 A.2d 1327

Joanne DAUER, Administratrix of the Estate of Richard H. Dauer, and Joanne Dauer, in her Own Right, Appellants,

v.

ARMSTRONG WORLD INDUSTRIES, INC., Nicolet Industries, Inc., Successor-in-Interest to Keasby Mattison; and Pittsburgh Corning Corporation

v.

GAF CORPORATION, Keene Building Products, Owens–Corning Fiberglas, Owens–Illinois, and Combustion Engineering, Inc.

Superior Court of Pennsylvania.

Argued Oct. 25, 1989.

Filed Jan. 23, 1990.

Antonio D. Pyle, Pittsburgh, for appellants.

Jane S. Barnes, Pittsburgh, for appellees.

Before DEL SOLE, BECK and MONTGOMERY, JJ.

BECK, Judge:

This is an appeal from an order granting summary judgment in favor of defendant asbestos manufacturers. This case presents the question whether the wrongful death statute permits a claim against defendants who were third party defendants in the decedent's lifetime action for damages.[1] Finding the instant action prohibited by the wrongful death statute, we affirm.

The history of this case can be briefly stated as follows. The decedent, Richard Dauer, filed an action in federal court on October 19, 1982 against several asbestos manufacturers. These defendants later joined Armstrong World Industries, Pittsburgh Corning Corporation, and Nicolet Industries, Inc., successor in interest to Keasby & Mattison, as third party defendants. The decedent died on April 23, 1983. On April 19, 1985, appellant Joanne Dauer filed wrongful death and survival actions in the Court of Common Pleas of Beaver County against the three manufacturers who had been joined as third party defendants in the federal court action, alleging that her husband died as a result of exposure to asbestos products manufactured, sold and supplied by them. Armstrong World Industries Inc. subsequently filed a motion to join GAF Corporation, Keene Building Products Corporation, Owens Illinois, Inc., and Combustion Engineering, Inc., successor in interest to Refractory and Insulation Corporation. All of the above named defendants were defendants in the lifetime action, and all except Combustion Engineering, Inc. filed motions for summary judgment on the grounds that the actions

---

1. The trial court also found the instant action to be barred by the statute of limitations. Because we find this claim to be prohibited by the wrongful death statute, we do not reach the statute of limitations issue.

were barred both by the statute of limitations and the wrongful death statute. By order dated September 15, 1986, the trial court granted the motions as to the survival action, but denied them as to the wrongful death action. Defendants/appellees filed a motion for reconsideration of the September 15, 1986 order. Upon reconsideration, the trial court granted summary judgment as to the wrongful death claim, finding it to be barred both by the terms of the wrongful death statute and by the statute of limitations. Joanne Dauer appeals from that order.

A motion for summary judgment may be granted only if the "pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). Summary judgment may be entered only in those cases which are clear and free from doubt. *Young v. Eastern Engineering and Elevator Company, Inc.,* 381 Pa.Super. 428, 554 A.2d 77 (1989).

> In passing on a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. It is not the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. Any doubt must be resolved against the moving party.

*Washington Federal Savings and Loan Association v. Stein,* 357 Pa.Super. 286, 515 A.2d 980, 981 (1986) (citations omitted).

With this standard in mind, we address the claim that appellant's action is prohibited by the wrongful death statute.

The Pennsylvania wrongful death statute provides, in relevant part:

Death Action

> General Rule.—An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another *if*

*no action for damages was brought by the injured individual during his lifetime.*

42 Pa.Cons.Stat.Ann. § 8301 (Purdon 1982 & Supp.1989) (emphasis added).

Appellees contend, and the trial court agreed, that since the decedent filed an action for damages in federal court prior to his death, and all defendants in the wrongful death action were either defendants or third party defendants in the lifetime action, appellant is now barred from bringing a wrongful death action against them. Appellant argues that because the lifetime action was not initially brought against the three original defendants to the wrongful death lawsuit, Armstrong World Industries, Nicolet Industries, Inc., and Pittsburgh Corning Corporation, who were joined as third party defendants in the federal court case by the defendants, appellant should be permitted to proceed against those three. Appellant urges that her right to recover for the wrongful death of her husband should not be extinguished by the actions of the original defendants in the federal court action, when the decedent did not seek to to recover from Armstrong, Nicolet, and Pittsburgh Corning during his lifetime. We disagree.

In *Franz v. GAF Corporation,* 650 F.Supp. 602 (W.D.Pa. 1986), the court held that a wrongful death action could not be brought against asbestos manufacturers when the decedent had brought an action for damages during his lifetime, and the defendants in the wrongful death action had been joined as third party defendants in the lifetime action. The court stated:

Courts have strictly construed this statute to mean that if a suit for personal injuries is brought by the person injured during his lifetime, no other action of any kind is maintainable even though he subsequently dies of his injuries. *Pezzulli v. D'Ambrosia,* 344 Pa. 643, 26 A.2d 659 (1942). We believe this law is controlling and that the current action must be dismissed.

*Id.* at 602. We adopt this view, and hold that 42 Pa.Cons. Stat.Ann. § 8301 does not permit a plaintiff to proceed in an action for wrongful death against parties who were defendants in the decedent's lifetime action for damages. This result is consistent with prior decisions construing this statute.

In *McCullough v. Philadelphia, Newtown & New York R.R. Co.*, 81 Pa.Super. 318 (1923), the decedent had filed an action for damages against the Reading Railroad prior to his death. This case was nonsuited because the Reading Railroad Company could not be connected with the car that injured the decedent. However, the decedent's widow subsequently filed a wrongful death action against the Philadelphia, Newtown & New York Railroad, under a predecessor to the current wrongful death statute. The railroad argued that because the decedent had filed suit for his injuries during his lifetime, the widow was precluded from filing a wrongful death action. Nevertheless, the court permitted the wrongful death action to proceed, reasoning that the intention of the legislature in prohibiting wrongful death actions subsequent to lifetime actions for damages from the same injury, "was to prevent the injustice of calling upon a defendant to respond twice in damages for the same negligent act." *McCullough*, 81 Pa.Super. at 323.

In the case sub judice, appellees were either original or third party defendants in the decedent's action for damages. Permitting a wrongful death action against them would potentially make them twice liable for the same negligent act. It would therefore be improper to allow the wrongful death action to proceed. *See also Black v. Baltimore & Ohio Railroad*, 224 Pa. 519, 73 A. 903 (1909) (An action for death caused by negligence can only be brought where no suit for damages has been instituted by the party during his life.)

The order of the trial court granting summary judgment is affirmed.