595 A.2d 1318

Julius WALKER, Administrator of
the Estate of Denise Stockton

v.

T. James RONEY, M.D.; and Michael Czuba, M.D.;
and Greene County Memorial Hospital
Comprehensive Health Care Group.

Appeal of GREENE COUNTY MEMORIAL
HOSPITAL and T. James Roney, M.D.

Superior Court of Pennsylvania.

Argued May 16, 1991.

Decided Sept. 4, 1991.

Louis C. Long, Pittsburgh, for appellant.

Mary E. Nepps, Philadelphia, for appellee.

Before CAVANAUGH, DEL SOLE and CERCONE, JJ.

CERCONE, Judge:

This is a certified interlocutory appeal from an order entered by the Court of Common Pleas of Greene County, Civil Division, in connection with wrongful death and survival actions initiated by plaintiff/appellee. For the reasons that follow, we affirm.

Appellee's decedent, Denise Stockton, was incarcerated at the State Correctional Institution at Waynesburg in August of 1987. Plaintiff/appellee, Julius Walker, alleges that Ms. Stockton was examined and treated at Greene County Memorial Hospital by two of the appellants in this case, Drs. Roney and Czuba. Appellee contends that these doctors negligently failed to timely diagnose and treat the breast cancer which killed Ms. Stockton in April of 1989. Prior to her death, Ms. Stockton and appellee Walker, her husband, brought an action against the Commonwealth of Pennsylvania Department of Corrections in the Court of Common Pleas of Greene County. That action, based upon the failure to diagnose and treat Ms. Stockton's cancer, is still pending in the lower court.

Following Ms. Stockton's death, her personal representative instituted both wrongful death and survival actions against Drs. Roney and Czuba as well as against Greene County Memorial Hospital and Comprehensive Health Care Group. Greene County Memorial Hospital and Dr. Roney filed preliminary objections in the nature of a demurrer alleging that the wrongful death and survival actions were barred because of the pendency of Ms. Stockton's lifetime action against the Department of Corrections. The lower court sustained the preliminary objections on the wrongful

death count, but declined to dismiss the survival action. Greene County Memorial Hospital and Dr. Roney subsequently petitioned the lower court to amend its order so as to permit a certified interlocutory appeal. Permission to appeal was granted on July 23, 1990. *See* 42 Pa.C.S.A. § 702 (Interlocutory orders) and Pa.R.A.P., Rule 1311, 42 Pa.C.S.A. (Interlocutory Appeals by Permission).

The instant case raises a single question: whether the commencement of an action during the lifetime of a decedent bars a survival action brought by the personal representative after death. To this end, appellants contend that Pennsylvania's wrongful death and survival statutes should be interpreted *in pari materia* to bar post-mortem claims whenever a lifetime claim has been filed. We have carefully considered the convoluted argument advanced by appellants. However, in view of the plain language of the statutory sections in question, we conclude that the result appellants urge us to reach is simply incorrect.[1]

The object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S.A. § 1921(a). Our supreme court has amplified this rule of construction by explaining that where a section of a statute contains a given provision, the omission of such a provision from a similar section is significant to show that a different legislative intent existed for the two sections. *Commonwealth v. Bigelow*, 484 Pa. 476, 484, 399 A.2d 392, 395 (1979), *quoting Novicki v. O'Mara*, 280 Pa. 411, 416, 124 A. 672, [673] (1924) ("A change of language in separate provisions of a statute is prima facie evidence of a change

---

1. Appellants have cited numerous cases, both federal and state, in support of their position. As the Honorable H. Terry Grimes has addressed each of appellants' contentions in minute detail in his comprehensive opinion, we will not repeat that material here. We note, however, that the panel ruling in *Dauer v. Armstrong World Industries*, 390 Pa.Super. 586, 568 A.2d 1327 (1990) is not incompatible with the conclusion reached instantly. Although *Dauer* holds that a plaintiff may not proceed in an action for wrongful death against parties who were defendants in the decedent's lifetime action for damages, it does not address the question of whether a survival action is barred under that circumstance.

of intent."). *See also Corley v. Commonwealth Board of Probation and Parole,* 83 Pa.Commw. 529, 478 A.2d 146 (1984) (applying *Bigelow*). The Pennsylvania wrongful death statute provides as follows:

## § 8301. Death Action

(a) General rule.—An action may be brought to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another *if no action for damages was brought by the injured individual during his lifetime.*

42 Pa.C.S.A. § 8301(a) (emphasis added). By contrast, the statute governing survivorship actions contains no language barring post-mortem litigation where a lifetime action has been filed.

## § 8302. Survival action

All causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants.

42 Pa.C.S.A. § 8302. In view of the plain language of sections 8301 and 8302, we conclude that the legislature intended to bar wrongful death claims where the decedent filed a lifetime action, but did not intend such a bar to operate against survival actions.

The order of the lower court is affirmed.