639 A.2d 1219

**Dennis J. WILSON, Administrator of the Estate of Suzanne Wilson, Deceased, for and on behalf of the Estate of Suzanne Wilson, Deceased, and on Behalf of the Next of Kin of Suzanne Wilson, Deceased, Appellant,**

v.

**Edwin S. KREMER, M.D., Raymond A. Halt, M.D., and Saint Vincent Health Center.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1993.

Filed April 7, 1994.

Thomas L. Cooper, Pittsburgh, for appellant.

Francis J. Klemensic, Erie, for Kremer, appellee.

Before ROWLEY, President Judge, and JOHNSON and BROSKY, JJ.

ROWLEY, President Judge:

Dennis J. Wilson (hereinafter "appellant") has filed this timely appeal from the trial court's order granting a demurrer in favor of Edwin S. Kremer, Raymond A. Halt, and Saint Vincent Health Center (hereinafter "appellees") as to the wrongful death claim pled in appellant's second amended complaint. The issue before us is whether or not the cause of action filed by appellant's decedent for personal injuries can be amended to include a claim for wrongful death because she died before resolution of that suit? We are constrained to conclude, as did the trial court that it may not be so amended. We therefore affirm.

██ As stated by the trial court in its well-reasoned opinion:

On May 19, 1991, Suzanne and Dennis J. Wilson filed a complaint against [appellees] alleging negligence in their diagnosis and treatment of Mrs. Wilson for carcinoma of the right breast. Thereafter, appellees filed preliminary objections to the complaint which resulted in an order for more specific pleadings. The order directing a more specific pleading was issued on March 30, 1992. Seven months later, in October of 1992, plaintiffs filed an amended complaint. Preliminary objections were filed against the amended complaint on the basis that Mrs. Wilson passed away in April of 1992, and therefore, she lacked the requisite capacity to sue. Prior to argument on the second set of preliminary objections, [appellant] filed a second amended complaint. The second amended complaint named [appel-

lant] as the Administrator of the Estate of Suzanne Wilson, for an[d] on behalf of the decedent's estate, and as next of kin of the decedent plaintiff. The second amended complaint sets forth causes of action under the Survival Act and the Wrongful Death Act, 42 Pa.C.S.A. § 8302 and § 8301, respectively. A third set of preliminary objections were filed on the basis that the second amended complaint failed to conform to Pa.R.C.P. 2201, *et seq*, a cause of action under the Survival Act was barred by the applicable statute of limitations, and a cause of action under the Wrongful Death statute was barred by the decedent's lifetime action. Argument was held before th[e trial] court on May 3, 1993. (Trial Court Opinion, 6/28/93, p. 2). The trial court then granted appellees' preliminary objections in the nature of a demurrer as to appellant's wrongful death claim because the decedent had brought a suit for personal injuries against appellees during her lifetime [1].

Initially, we note that in reviewing an order sustaining preliminary objections in the nature of a demurrer, "we must accept as true every relevant fact sufficiently averred in the [appellant's] complaint together with every inference favorable to the non-moving party which is fairly deducible therefrom." *Ganassi v. Buchanan Ingersoll, P.C.*, 373 Pa.Super. 9, 11, 540

1. However, the trial court overruled appellee's preliminary objections as to the survival action. In so doing, it concluded, quite properly, that "[t]he substitution of Mr. Wilson as the decedent's personal representative cured the defect of the amended complaint. The substitution merely allows for the continuation of the cause of action which accrued prior to Mrs. Wilson's death." (Trial Court Opinion, 6/28/93, p. 3). We find this to be proper pursuant to 42 Pa.C.S.A. § 8302 and this Court's recent *en banc* decision in *Baumgart v. Keene Building Products Corp.*, 430 Pa.Super. 162, 633 A.2d 1189 (1993).

In *Baumgart*, we stated that: "[i]f a person is injured by the act of another, a cause of action may accrue to the injured person. His or her death thereafter does not abate the cause of action. Pursuant to 42 Pa.C.S.A. § 8302, the cause of action survives the death of the injured person and continues in the decedent's personal representative. The damages recoverable are measured by the pecuniary loss occasioned to the injured person, and therefore his or her estate, by the negligent act which caused death." *Id.*, 430 Pa.Super. at 166, 633 A.2d at 1191. In the instant case, Mrs. Wilson's cause of action, sounding in negligence, brought against appellees before her death will continue in her absence with appellant as her personal representative.

A.2d 272, 273 (1988). "The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible.... Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *McMullin v. Dallago*, 353 Pa.Super. 527, 530, 510 A.2d 787, 789 (1986).

■ Section 8301 of Title 42 deals with wrongful death actions, and provides in pertinent part, as follows:

(a) **General rule.**—An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful death or neglect or unlawful violence or negligence of another *if no action for damages was brought by the injured individual during his lifetime.*

42 Pa.C.S.A. § 8301(a). (emphasis added).

Furthermore:

[c]ourts have strictly construed this statute to mean that if a suit for personal injuries is brought by the person injured during his lifetime, *no other action of any kind* is maintainable even though he subsequently dies of his injuries. *Pezzulli v. D'Ambrosia*, 344 Pa. 643, 26 A.2d 659 (1942). We believe this law is controlling and that the current action must be dismissed. *Id.* at 602.

*Dauer v. Armstrong World Industries*, 390 Pa.Super. 586, 589, 568 A.2d 1327, 1329 (1990). (emphasis added).

Appellant strenuously contends that the wrongful death statute is inapplicable to the facts of the instant case because its aim is "... to prevent the injustice of calling upon a defendant to respond twice in damages for the same negligent act." *Dauer, supra.* at 590, 568 A.2d at 1329. Appellant claims that appellees are not being called upon twice to pay damages for one negligent act in the instant case because the original plaintiff died before she could recover damages from appellees. Thus, appellant urges us to conclude that he should be permitted to amend the complaint to include a wrongful death action.

Contrary to appellant's arguments, however, we must reiterate that, pursuant to the plain meaning of the subject statute, "§ 8301 does not permit a plaintiff to proceed in an action for wrongful death against parties who were defendants in the decedent's lifetime action for damages." *Id.* In the instant case, appellees were defendants in the decedent's lifetime action for damages, and thus appellant is precluded from proceeding against them in a wrongful death cause of action. Although appellant makes a compelling policy argument in support of his contention, it is to the General Assembly of Pennsylvania that he must look for relief from what is a clear and unambiguous statement of Legislative intent. Therefore, we affirm the trial court's order dismissing the wrongful death claim from appellant's complaint [2].

Order affirmed.

---

**2.** *See also Walker v. Roney,* 407 Pa.Super. 620, 595 A.2d 1318 (1991), *appeal denied,* 529 Pa. 658, 604 A.2d 250 (1992), where this court concluded, after comparing the language utilized in sections 8301 and 8302, that "the legislature intended to bar wrongful death claims where the decedent filed a lifetime action, but did not intend such a bar to

operate against survival actions." *Id.*, 407 Pa.Super. at 623, 595 A.2d at 1320.